ALICE R. DESMARAIS FOR A WRIT OF HABEAS CORPUS.

JUNE 26, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a petition for a writ of habeas corpus by a mother to secure the custody of her natural child, who was born on August 3, 1943. The child is at present in the custody of the respondents under a decision and decree heretofore entered in the superior court. The parties appeared before this court on April 18, 1945 and testified concerning all pertinent matters in connection with the case. Later, upon request of petitioner's counsel and with the consent of counsel for the respondents, we allowed her to deny by affidavit certain testimony of the respondents.

It appears in evidence that the petitioner, who lives in Woonsocket, was working in that city and was receiving a substantial salary when the child was born; that, shortly after that event, she returned to work; that she is now working at the same place and that she intends to continue working there in the future. Her services are technical in character and require that she be at her work throughout the day, and at other times when necessary. She lives in a two-room apartment, where she intends to take the child if this petition is granted. Shortly before the hearing in this court, she made arrangements with an elderly woman, who is said to have experience with children, to take care of the child at her apartment during the day. It further appears that it is her present intention to place the child in an institution when he is four years old.

The respondent Victor DesMarais is the brother of the petitioner and the husband of the other respondent, Anne E. DesMarais. They also live in Woonsocket and are childless. Immediately after birth, petitioner took the child to the home of the respondents, where he remained for some weeks. Thereafter, the petitioner boarded him for different periods with persons in Providence and Warwick and then, on or about the middle of September, 1944, she returned him to respondents' home, where he has been ever since. The re-

spondents wish to continue to have the custody and care of him. There is no evidence from the petitioner that the respondents are financially unable or unfit to care for the child, or that their home is inadequate in any way, or that they have failed to give the child every possible attention, medically and otherwise, for his comfort and welfare. All the evidence on this point is to the contrary.

There is also further evidence of various incidents and circumstances bearing on the question before us for determination, but a discussion of such evidence would serve no useful purpose and might seriously affect the possibility of some agreement between the parties that would result in permanent good to the child.

In a case like the one before us, the legal custody of the child belongs *prima facie* to the mother as its natural guardian. In other words, it is generally held that in such cases, all things being equal, the right of the mother to her natural child is superior to that of all other persons, for ordinarily the welfare of the child, especially in the first years of life, can be best served by a mother's care. But, while this is the general rule, it is neither absolute nor controlling under all circumstances. The paramount consideration, and the one that must be decisive of the case, is the welfare and permanent good of the child. Each case, therefore, presents a different problem, which cannot be solved by a fixed and inflexible rule. In determining the delicate and often perplexing question of the custody of a child as between a mother and third persons, it is incumbent upon all who are bound to decide such question to proceed with caution and to act only upon clear proof, lest, in a given case, violence be done to the tie of nature that binds mother and child. *Hope, Petitioner,* 19 R. I. 486. See also *Hoxsie* v. *Potter,* 16 R. I. 374.

In the instant case, we have considered the evidence before us in all its aspects with scrupulous care in accordance with the above-mentioned principles. After such consideration, we are convinced that the welfare of the child will be

best subserved in denying this petition and thus leaving such child in the custody of the respondents, as determined by the superior court.

The petition for a writ of habeas corpus is denied.

*John R. Higgins,* for petitioner.

*Francis J. O'Brien,* for respondents.