EDWARD J. KELLEY, JR. *vs.* BEULAH E. KELLEY.

JULY 7, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This divorce proceeding was before the superior court on the motion of respondent to amend the final

decree entered therein by awarding her, in place of petitioner, the custody of the two minor children of the parties. After a hearing a decree granting such motion was entered in that court. Thereafter petitioner duly prosecuted his appeal to this court.

In this case the original divorce petition alleged that respondent had been guilty of extreme cruelty and gross misbehavior and the petition was granted on the ground first mentioned. At that time the custody of the two children was given to petitioner. It appears from the evidence that when respondent's motion for change of custody of the children, one a boy and the other a girl, was heard in the superior court they were respectively twelve and six years of age. The evidence also shows that prior to the disposition of the divorce petition the respondent moved to the state of New Hampshire where she eventually married again and had a child by her second husband. They live with her second husband's father in an eight-room house in a rural district in that state.

The petitioner who has a contracting business, chiefly for the installation of gasoline equipment and who has not remarried, lives in Pawtucket in this state. His father and mother, the former a retired police officer, also live there but at a different address. Both children have been attending school in Pawtucket. The petitioner and his son live together and his daughter lives with her grandparents. The petitioner ordinarily sees both children every day and when he is working his father goes to the son's house where the family lived before the divorce.

It is unnecessary to set out the evidence in full. The superior court and the parties recognized that it is well settled in passing on a motion such as the one before the court the welfare of the children is the chief and decisive consideration. *Budlong* v. *Budlong,* 51 R. I. 113. It should be observed, however, that the motion did not seek an original fixing of the custody of the children. The superior court had already performed that duty when the divorce

was granted, and the present motion merely requests a change in that custody. Clearly, therefore, the respondent, who is now pressing the motion, had the burden of showing by a fair preponderance of the evidence that because of altered conditions and circumstances or for other good reasons such a change of custody was necessary in the interest of the children's welfare.

When he granted the motion it is plain that the trial justice believed he was acting primarily for the welfare of the children. In rendering his decision he made the following statement: "I am basing my decision solely on the question of supervision and of the need of the children * * *." He also referred to the fact that the boy required supervision which the petitioner because of his work could not give him. The latter testified in substance that the boy did need supervision since he was beginning to grow up but petitioner felt that in the circumstances he and his father could furnish it. There was no testimony that the girl needed supervision, but the trial justice in awarding custody evidently did not wish to separate the brother and sister.

Apparently the trial justice accepted the father as suitable in certain respects but this matter of supervision of the child was not thoroughly explored. Whether the boy could be placed in some school or home in this state where he might receive such supervision as the trial justice indicated he believed was necessary does not seem to have been considered. Also whether the boy could live in Pawtucket in the grandparents' home where his sister was living does not appear to have been given serious thought. Furthermore in considering the children's welfare the trial justice does not refer to or weigh the relative merits of the educational and religious facilities which the evidence discloses were available in Pawtucket and the corresponding facilities in the rural district of another state where respondent and her husband live.

The result of the granting of respondent's motion was to

take from the innocent party in the divorce proceeding the custody of the children already awarded to him and give it to the guilty party. In addition the decision, even though it permitted petitioner to see his children at reasonable times and to have them at specified times, was in effect to cause them to be removed from this state and from the jurisdiction of its courts in which the divorce petition was originally brought and determined. These facts are not conclusive when weighed against the welfare of the children, which must control, but they should not be disregarded as appears to have been done in the disposition of this motion.

It is our opinion, after careful consideration of the evidence, that the respondent failed to sustain the burden imposed upon her to show by a fair preponderance of the evidence such changed conditions or other reasons which required that for the welfare of the children their custody should be taken from the petitioner and given to her. We find, therefore, that in the circumstances the trial justice was clearly wrong in granting the respondent's motion.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*William R. Goldberg*, for petitioner.
*James A. McGuirk*, for respondent.