JAMES SKEADAS *et ux. vs.* SAMUEL SKLAROFF *et ux.*

MAY 2, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PER CURIAM. This petition for a writ of habeas corpus was brought by the natural parents of James Michael Skeadas to obtain their four and one-half year old child who is being detained by the respondents. Pursuant to a citation to show cause why the prayers of the petition should not be granted, the respondents appeared on the return day thereof and filed a pleading entitled "Return Or Statement" to the petition. Thereupon the case was continued to April 25, 1956 to permit the justices of this court to familiarize themselves with the contents of such return.

When our examination of the pleadings disclosed that the case presented only an issue of law, we heard counsel for petitioners and respondents respectively in oral argument as to the principles of law which should govern. At the conclusion thereof the case was continued to May 2 to permit counsel to file briefs in support of their oral arguments and these were duly filed.

The above-mentioned return as filed by respondents is lengthy and argumentative. Generally speaking it renews in substance and effect the claims relied on to support their petition for adoption of this child, which petition was denied and dismissed in *Sklaroff* v. *Stevens*, 84 R. I. 1, 120 A.2d 694. It contains further allegations of facts and law which are contrary to that decision; other allegations based upon a misconception of the effect of the Massachusetts statute under which petitioners legitimatized this child; and certain other assumptions, conclusions and argumentative assertions in an effort to support a unique claim that

the child by his legitimization was deprived of rights under the due process clause of the fourteenth amendment to the United States constitution, and that the full faith and credit clause thereof was violated. It further asserts certain alleged moral lapses by the petitioners which happened four or five years ago and before their lawful marriage.

After examination and careful consideration of the allegations in both the return and the petition, together with the oral arguments and briefs submitted by counsel for the parties, we are unanimously of the opinion that respondents have not shown cause to constitute a defense to this petition. In our judgment even if we treat all pertinent facts alleged in the return as established, they are not sufficient as a matter of law to justify the court in depriving petitioners of their existing natural right as parents to the custody of their child.

It should be noted that this proceeding is not between parties to a divorce, or between parents and others having a legal right to custody, such as for example a guardian or one standing *in loco parentis*. The petitioners here are the parents of the child in fact and law, whereas the respondents are not related to him by blood or affinity. Nor do they have a decree or judgment of any court of competent jurisdiction which would clothe them with a present legal right to his custody.

The right of petitioners to such custody is not one which is created by the state or by decisions of courts. The right derives from the nature of the parental relationship. It has come down from ecclesiastical and civil law until it has been accepted by tradition and evidenced by decisions from time immemorial as the legal right of the parents. See *Matarese* v. *Matarese*, 47 R. I. 131. See also *Pierce, Governor of Oregon* v. *Society of Sisters*, 268 U. S. 510.

Consequently the state may not arbitrarily take away from parents their natural right to custody and give it to a stranger. We held in a recent case, *DesMarais for Writ*

*of Habeas Corpus,* 71 R. I. 165, at page 167: "In determining the delicate and often perplexing question of the custody of a child as between a mother and third persons, it is incumbent upon all who are bound to decide such question to proceed with caution and to act only upon clear proof, lest, in a given case, violence be done to the tie of nature that binds mother and child."

Each case must be determined on its own facts. Naturally in a case involving custody the court, as *parens patriae,* is always concerned with the best interests of the child. But in the absence of proof to the contrary a child's best interest is primarily served by being left with his natural parents in a family unit. Unless it is shown clearly that by abandonment or other conduct or conditions the parents are presently unfit and unable to discharge their parental duties to the child according to law, a court should consider the welfare of the child with due regard for the superior rights of fit and suitable parents. *Lakey* v. *Gudgel,* 158 Neb. 116, 118.

It is frequently held that in awarding custody the parents' right is not absolute and may be regulated by the state for cause and in the best interests of the state and the child. When properly understood this principle does not preclude the court from giving effect also to the primary right of the parents which is superior to that of strangers. In any event whatever may be said when the case is between parents and others legally entitled to custody, that rule is subject to qualification where a stranger seeks to divest the parents of their existing natural right to the custody of their own child. *People ex rel. Kropp* v. *Shepsky,* 305 N. Y. 465 (1953); *Norval* v. *Zinsmaster,* 57 Neb. 158. Any other rule would tend to destroy the fundamental safeguards of parents and of the family, which are at the base of our society and our form of government.

In the instant case the respondents in their return significantly allege no fact tending to show that since the mar-

riage of petitioners in 1953 either of them has been guilty of any immoral or questionable conduct; or that they have failed to maintain a clean, comfortable and proper home; or that they have not been kind and faithful parents bringing up their children properly in accordance with correct legal and moral standards; or that there is any existing fact by which petitioners are shown to be *presently* unfit and unable to discharge their parental obligations to this child according to law.

The allegations which are relied upon, and which are amplified at great length in respondents' return and argument, concern alleged misconduct of one or both of the petitioners long before they were lawfully married and had expressly legitimatized the child in accordance with the law of Massachusetts. In a recent habeas corpus case which states our view of the governing law, similar evidence of long past misdeeds was held to be insufficient as a matter of law to defeat the parents' petition for such a writ. *People ex rel. Kropp* v. *Shepsky, supra.*

Further there is no question here of abandonment. The mother of the child almost from the date she left the hospital after his birth has been fighting persistently and legally to obtain his return. She has made reparation for her past misdeeds as far as it is humanly and legally reasonable to do so. Any present attachment of respondents is not chargeable to petitioners' abandonment or delay. Therefore even if the allegations of the return were established they would not be sufficient as a matter of law to constitute good cause to defeat this petition and justify this court on this record in divesting parents of their natural right to the custody of their child in favor of strangers. *People ex rel. Kropp* v. *Shepsky, supra.*

The respondents' attempt to raise a federal question by alleging and arguing that the provision of Massachusetts law permitting the legitimatizing of the child has no extraterritorial effect; that by approving the action thereunder

as taken by petitioners, while the child was physically in Rhode Island, he is thereby deprived of rights in violation of the due process clause of the fourteenth amendment to the United States constitution; and that in brief summary he is entitled not to be deprived of an alleged constitutional right to be, to remain, and to be treated as an illegitimate child.

This unique statement and unsupportable claim is enough to condemn it without further consideration. However, in dismissing respondents' petition for adoption we have held that James Michael Skeadas was in fact and law the legitimate child of these petitioners for all purposes under the laws of Massachusetts, and that our statute is substantially the same. When the parents were lawfully married and further specifically legitimatized their child under the Massachusetts statute, general laws of Massachusetts, 1-A Mass. Anno: Laws, chap. 46, §13, the *legal domicile* of the parents and child was within that state. By such action the child became legitimate *as of the time of his birth* and all public records to the contrary were removed by virtue of that statute's mandatory terms. Restatement of the Law, Conflict of Laws, chap. 5, §139, Legitimation from Birth, p. 206. It is a strange contention, to say the least, that action taken under such a beneficent statute to clothe the child with the legal right to a name, to care, support and education, and to inherit through his father as well as his mother, amounts to depriving him of anything, much less of a constitutional right. This contention has no merit.

The respondents also seem to misconceive the purpose and effect of the full faith and credit clause of the United States constitution. We are not precluded thereunder from giving effect to a statute of Massachusetts by comity, or by adopting its decree thereunder as our own provided there is no contravention of statute or public policy of this state. There is none. *McKeel* v. *McKeel*, 185 Va. 108.

Indeed we held in our previous opinion that in purpose

and provisions the Massachusetts statute was substantially the same as the law of this state, and further in denying respondents' motion for a stay under the United States Code, Tit. 28, U.S.C.A., §2101 (f), we pointed out that there was no federal question here involved. We find nothing in the Rhode Island cases cited by respondents inconsistent with the law as above stated so as to require a different conclusion.

In the circumstances, therefore, we are of the opinion that on the record before us the respondents have failed, as a matter of law, to discharge their burden of showing legal cause why the petition of the natural parents should not be granted.

The prayer of the petition is granted, the peremptory writ of habeas corpus will issue as prayed for, and the respondents are hereby ordered to forthwith surrender and deliver the said James Michael Skeadas to the petitioners, James and Catherine Skeadas.

### ON APPLICATION FOR STAY OF EXECUTION.

#### MAY 2, 1956.

PER CURIAM. In the above-entitled case, following our opinion granting the prayer of the petitioners for a writ of habeas corpus and our order that the judgment be executed immediately, the respondents filed an application for a stay of execution thereof under the provisions of Title 28, United States Code Annotated, §2101 (f).

A similar application was made after we denied the respondents' motion for reargument of the original opinion denying and dismissing the respondents' petition for adoption. *Sklaroff* v. *Stevens*, 84 R. I. 1, 120 A.2d 694. We then held that no substantial federal question was raised within the obvious purpose of the express language of said Tit. 28, U.S.C.A., §2101 (f). Accordingly on March 2, 1956 that application for such a stay was denied.

Now, after a hearing and further consideration of the

arguments of counsel as applied to the instant proceeding and application, we are of the opinion that, despite the strained effort by respondents, no violation of any proper constitutional right of the child has been alleged or shown, and no proper and substantial federal question reviewable by the United States Supreme Court is actually and reasonably raised so as to warrant the granting of a stay under said Title and Section of the United States Code Annotated.

The application for a stay of execution is therefore denied, and our judgment and order dated May 2, 1956 will be executed immediately in accordance with the terms thereof.

*Timothy J. McCarthy, Leo J. Sullivan,* for petitioners.

*Newton & Brodsky, Irving Brodsky,* for respondents.