WILLIAM R. CULPEPPER *vs.* BETTY JEANNE MARTINS.

JUNE 3, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This case involves the custody of the two minor children of the petitioner and the respondent, formerly husband and wife. The case is before us on the respondent's appeal from a decree of the family court granting the petitioner's petition for a writ of habeas corpus and denying and dismissing the respondent's motion for the custody of the children.

The petitioner, who is an officer in the naval forces of this country, was stationed in Puerto Rico where he lived with his wife and two children. Sometime in 1958 respondent left Puerto Rico with the children and returned to this country.

In February 1959 petitioner was granted a decree of divorce in Puerto Rico on the ground of abandonment. The respondent, who was represented by counsel in that pro-

ceeding, does not challenge the validity of the divorce decree. By agreement of the parties the custody of the children was awarded to respondent by the terms of the divorce decree. At the time the children were in this country.

On April 30, 1959 respondent married Julio D. Martins and on May 2, 1959 petitioner married Julia Abigail Martin. After some correspondence relating to the care and custody of the children, the parties met in New York city on May 5, 1959 where respondent voluntarily turned over the physical custody of the children to petitioner, with the understanding that they would remain with him for nine months of the year and with respondent during the three summer months.

In August 1960 respondent went to Puerto Rico to visit the children, where she remained over a week. While there respondent and her counsel and petitioner and his counsel signed a stipulation modifying the Puerto Rican decree by giving the legal custody of the children to petitioner, subject to respondent's right to have them with her for six weeks during the summer and to visit them not more than twice during the rest of the year in the presence of petitioner, except in case of any emergency. The stipulation was signed in August 1960, but it is dated October 3, 1960, thus indicating that it was entered in the Puerto Rican court on the latter date. It was incorporated into and made a part of the original divorce decree.

The children remained in Puerto Rico with their father and his present wife from May 1959 until October 1, 1960, when they moved to Norfolk, Virginia, where petitioner was assigned to duty. The children spent a six-week visit with their mother in Newport during the summer of 1961.

In July 1962 respondent wrote to petitioner to arrange for the children's summer visit. In reply petitioner indicated that the provision for the six-week visit with respond-

ent was not for the best interest of the children and he asked respondent to consider letting his present wife adopt them, stating that this was the only permanent solution and that he had reached the point where he had no choice in what he must do.

As a result of this correspondence respondent engaged counsel in Norfolk and brought a bill of complaint in the court of law and chancery in that city praying in substance that petitioner be ordered to comply with the Puerto Rican stipulation. There was no hearing on that bill, but after consideration in chambers an order was entered giving respondent temporary custody of the children from July 16, 1962 to August 27, 1962 and ordering her to return the children to petitioner upon the expiration of that period. The instant action arose following respondent's refusal to return the children to petitioner at the end of such time.

Under her reasons of appeal respondent contends in substance that the decree of the family court is against the law and the evidence and the weight thereof. No ultimate findings of fact are incorporated in the decree. It merely grants petitioner's petition, denies respondent's motion, and "reaffirms" the Puerto Rican stipulation. In the circumstance we are unable to determine from the decree whether it is warranted on the facts established by the evidence.

Under G. L. 1956, §14-1-52, as amended, of the family court act an appeal of this nature must follow the appellate procedure for causes in equity. On such appeals, we review the decree appealed from, not the decision of the trial justice. In the interest of orderly procedure the ultimate findings of fact on which the decree is based should be incorporated therein. See *Lannon* v. *Lannon,* 86 R. I. 451, 453. See also *McKittrick* v. *Bates,* 47 R. I. 240, 241. In the absence of such findings we must examine the decision of the family court to determine whether the findings on which it is based are supported by the evidence and whether the de-

cree is warranted by the facts established and the applicable law.

The family court found in substance that at the time of the entry of the stipulation in October 1960 both parents were fit and proper persons to have custody of the children; that respondent had voluntarily given both the physical and legal custody to petitioner; that the Puerto Rican decree which incorporated the stipulation was a valid decree; and that respondent had reaffirmed the provisions of the stipulation when she filed the bill of complaint in Norfolk.

In discussing the applicable law the family court stated that in arriving at its decision it had in mind the rule set forth in *Kelley* v. *Kelley,* 77 R. I. 229, and *Budlong* v. *Budlong,* 51 R. I. 113, that in custody cases the welfare of the children is the chief and decisive consideration. But it held that in the case at bar it "must give full faith and credit" to the stipulation entered in the Puerto Rican court unless there was a substantial change of circumstances since the entry thereof. After further reviewing the evidence it found that there was no such change of circumstances and that "the welfare of the children would not be in any way better" by modifying such stipulation.

The real issue raised by this appeal is whether the family court erred in ruling that, in the absence of proof of a substantial change of circumstances since the entry of the stipulation in the Puerto Rican court on October 3, 1960, it was bound by the agreement of the parties as evidenced by the provisions of such stipulation with respect to the custody of the children.

There is nothing in the record indicating that the Puerto Rican court or any court, prior to the instant hearing, ever passed judgment on the question of the custody of these children. On the contrary, the record shows that such question had been determined by private agreement between the parents. The original Puerto Rican decree, the October 3, 1960 stipulation, and the order of the court in Nor-

folk merely carried out the agreement of the parents relative to the custody of the children. Neither of those courts heard any testimony upon which to base a judgment as to what would be for the best interests of the children. Nor is there anything in the record indicating that the Puerto Rican court ever examined the stipulation modifying the original decree or exercised its own judgment of what was best for the children.

Unlike *Kelley* v. *Kelley, supra,* respondent's motion for custody in the case at bar in reality sought an original fixing by judicial determination of the question of custody. We cannot determine from this record whether the welfare of the children was the chief and decisive consideration on which the parents based their private agreement as to custody in October 1960. Nor do we believe that the family court could make such a determination on the basis of the record before it.

The family court had jurisdiction of the subject matter of this controversy and of the parties. In our opinion it was not precluded by the full faith and credit clause of the federal constitution from determining what was for the best interest of these children at the time of the hearing before it, irrespective of the parents' prior private agreements. In holding otherwise the family court was in error. *Ford* v. *Ford,* 371 U. S. 187, 9 L. Ed. 2d 240.

In the circumstances it is not necessary to consider respondent's contention that the Puerto Rican court lacked jurisdiction to determine the question of custody because the children were not in Puerto Rico when the stipulation was entered. We have considered petitioner's contention that even though the family court reaffirmed the Puerto Rican decree and stipulation, it based its ultimate decision on a determination of whether the best interest of the children would be served by changing the custody. There may be merit in this contention, but in reviewing the rulings

and decision of the family court it appears to us that its ultimate decision was based upon a finding that respondent failed to prove a change of circumstances since the entry of the stipulation in October 1960. As we have previously stated, this is not the correct test.

In view of the state's strong policy of safeguarding the welfare of the children, it is our opinion that in the interest of justice this cause should be remanded to the family court for a de novo hearing to determine what is the best interest of these children.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the family court for further proceedings in accordance with this opinion.

*Macioci and Morrison, Joseph J. Macioci,* for petitioner.

*Julius Schaffer, Moore, Virgadamo, Boyle & Lynch, Francis J. Boyle,* for respondent.