317 A.2d 877.

PAUL ENGELHARDT *et al. vs.* EUGENE C. BERGERON.

APRIL 8, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. Two separate petitions were filed in the Family Court, each seeking custody of Jeannette Bergeron, age three years, and Monica Bergeron, age one year. The case appears before us on appeal from a decree of a justice of that court awarding permanent custody of the minor children to Paul and Eveline Engelhardt, hereinafter referred to as the petitioners, and denying the petition for custody by the respondent, Eugene C. Bergeron.

The record establishes that on December 13, 1971, Janet L. Bergeron, mother of the minor children, died of a gunshot wound, and respondent, Eugene C. Bergeron, husband of the deceased and father of the minor children, was charged with the crime of murder. Eugene was confined at the Adult Correctional Institutions on his not guilty plea to the charge and on January 17, 1972, was released on bail.[1]

Since the death of their mother, the children have been cared for by Eveline and Paul Engelhardt in their home. Eveline is the maternal aunt of the minor children whose custody is being contested.

On January 21, 1972, the Engelhardts and John L. Swistak, administrator of the estate of Janet L. Bergeron, filed a petition in Family Court praying that custody of the minor children be awarded to the Engelhardts. On the same day, Eugene filed a petition for a writ of habeas corpus seeking custody and praying that petitioners be ordered to return the children to him. The petitions were consolidated for hearing by a justice of that court who, after hearing testimony, filed a decision in which he found respondent unfit to have custody of the children, and, in consideration of the best interests of the children, awarded permanent custody to petitioners. From a decree thereafter entered, respondent has appealed to this court.

The respondent first contends that the trial justice exceeded his authority in awarding custody to petitioners. He argues, citing *Rogers* v. *Rogers*, 98 R. I. 263, 201 A.2d 140 (1964), that the authority of the Family Court to act in any controversy must be contained in the Family Court Act, and, in the absence of such authority, the court is powerless to act. He further argues pursuant to G. L. 1956

---

[1]Subsequent to the hearing on custody, respondent was sentenced in the Superior Court on the charge and is presently serving that sentence at the Adult Correctional Institutions.

(1969 Reenactment) §14-1-2,[2] that only in the most extreme cases should a child be removed from the care and custody of his parents. Continuing, respondent citing §14-1-5 (A)[3] points out that the Family Court has exclusive, original jurisdiction in proceedings concerning dependent or neglected children and directs our attention to §14-1-3 (H) wherein a "dependent" and/or a "neglected" child is defined as one "* * * whose home, by reason of neglect, cruelty, drunkenness or depravity on the part of the parent or person having custody or control of such child is an unfit place for such child * * *."

The petitioners contend that their petition for custody was filed under the provisions of §8-10-3,[4] and that there-

---

[2]General Laws 1956 (1969 Reenactment) §14-1-2 reads as follows:

"The purpose of this chapter is to secure for each child under its jurisdiction such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interests of the state; to conserve and strengthen the child's family ties wherever possible, removing him from the custody of his parents only when his welfare or the safety and protection of the public cannot be adequately safeguarded without such removal; and, when such child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given by his parents."

[3]General Laws 1956 (1969 Reenactment) §14-1-5 (A) reads as follows:

"Exclusive jurisdiction of court.—The court shall, as hereinafter set forth, have exclusive original jurisdiction in proceedings.

"A. Concerning any child residing or being within the state who is (1) delinquent, (2) wayward, (3) dependent, (4) neglected, or (5) mentally defective or mentally disordered."

[4]General Laws 1956 (1969 Reenactment) §8-10-3 reads as follows:

"Establishment of court—Jurisdiction—Seal—Oaths.—There is hereby established a family court, consisting of a chief judge and four (4) associate justices, to hear and determine all petitions for divorce from the bond of marriage and from bed and board; all motions for allowance, alimony, support and custody of children, allowance of counsel and witness fees, and other matters including all petitions and motions relative to real and personal property in aid thereof affecting the parties and children wherein jurisdiction is acquired by the court by the filing

fore the trial justice acted within his authority in awarding custody to them.

This court has earlier determined that the provisions of §8-10-3 were designed to include within the jurisdiction of the Family Court those proceedings authorized as within the jurisdiction of the Superior Court when sitting as a court of domestic relations and as set forth in §15-5-19. *Petition of Loudin*, 101 R. I. 35, 219 A.2d 915 (1966).

However, we have also determined in *Loudin* that pursuant to the provisions of §§14-1-32[5] and 14-1-34,[6] the

---

of such petitions for divorce; separate maintenance; complaints for support of parents and children; those matters relating to delinquent, wayward, dependent, neglected or mentally defective or mentally disordered children; adoption of children under eighteen (18) years of age; paternity of children born out of wedlock and provision for the support and disposition of such children or their mothers; child marriages; those matters referred to the court in accordance with the provisions of §14-1-28; those matters relating to adults who shall be involved with paternity of children born out of wedlock; responsibility for or contributing to the delinquency, waywardness or neglect of children under sixteen (16) years of age; desertion, abandonment or failure to provide subsistence for any children dependent upon such adults for support; neglect to send any child to school as required by law; bastardy proceedings, and custody of children in proceedings, whether or not supported by petitions for divorce or separate maintenance or for relief without commencement of divorce proceedings.

"The family court shall be a court of record and shall have a seal which shall contain such words and device as the court shall adopt. The judges and clerk of the family court shall have power to administer oaths and affirmations."

[5]General Laws 1956 (1969 Reenactment) §14-1-32 reads as follows:
"Power of court to order disposition of child.—If the court shall find that a child is delinquent, wayward, neglected, dependent or otherwise within the provisions of this chapter, it may by order duly entered proceed as follows:
"Place the child on probation or under supervision in his own home or in the custody of a relative or other suitable person, or in the custody of any of the agencies, societies or institutions under the control of or approved by the department of social welfare, upon such terms as the court shall determine."

[6]General Laws 1956 (1969 Reenactment) §14-1-34 reads as follows:

Family Court may award the custody of dependent children or children abandoned or neglected by their parents to some appropriate agency. In such cases, the Family Court stands in *loco parentis*, charged by the Legislature with the responsibility of placing children who come within its protection in the custody of a person or agency qualified to provide them with the care and consideration they should have received from their parents.

We are of the opinion that §14-1-32 is sufficiently broad to authorize the Family Court to award custody of minor children in the instant case where the parties contesting for custody are the father of the children on the one hand and maternal relatives of the children on the other hand. The trial justice therefore acted within his authority in awarding custody of the minor children to petitioners.

We next consider respondent's contention that the decision of the trial justice is contrary to the law in that respondent was not a neglectful, cruel, drunken or depraved parent as delineated in §14-1-3 (H)[7] and that the trial jus-

"Placement of dependent and neglected children.—If, after a hearing on any petition, a child shall be found to be dependent or neglected within the meaning of this chapter, the court shall by decree assign the custody of said child to any institution or agency under the control of the department of social welfare or to any of the private agencies, societies or institutions licensed by the department of social welfare to place such child in family homes or in special institutions, or to receive and provide temporary or continued care for such child for such period as shall seem fit to said court; and said state institution, or said agency, society or institution, as the case may be, shall thereupon become entitled to the custody of said child to the exclusion of the other person; provided, further, that none of said societies or any other person shall be entitled to the goods and chattels of said child. Said court may at any time, for good cause shown, modify or revoke said decree."

[7]General Laws 1956 (1969 Reenactment) §14-1-3 (H) reads:

"The terms 'dependent' and/or 'neglected' when applied to a child shall mean and include any child—

"Who is homeless or destitute or abandoned or dependent upon the

56

tice consequently erred in finding that respondent was unfit to have custody of the minor children. The respondent has overlooked the fact that §14-1-3 (H) also delineates as dependent and/or neglected, in addition to others, those children who have not proper parental control or guardianship.

There was testimony that respondent was a stern disciplinarian with the children, that he was of a violent nature, that he was responsible for the death of the children's mother, and that he was on bail pending trial on a charge of murder. There was also testimony that petitioners had been caring for the children from December 11, 1971 to January 17, 1972. Based on that evidence, the trial justice concluded that respondent was not a fit person to be awarded custody.

The findings of a trial justice sitting without a jury will not be disturbed by this court unless the trial justice was clearly wrong. *Plantations Bank* v. *Desormier,* 102 R. I. 565, 232 A.2d 371 (1967).

The burden is on respondent in the case at bar to establish that the trial justice was clearly wrong or that he has overlooked or misconceived material evidence. This he has failed to do. On the basis of his findings, the trial justice properly applied the law as set forth in §§14-1-3 (H) and 14-1-32.

The respondent next argues that the trial justice erred when he relied on *Kelley* v. *Kelley,* 77 R. I. 229, 74 A.2d 452 (1950) wherein this court held that in custody cases,

public for support, or who has not the proper parental care or guardianship, or who habitually begs or receives alms, or whose home, by reason of neglect, cruelty, drunkenness or depravity on the part of the parent or person having custody or control of such child is an unfit place for such child, or any child under eight (8) years of age found peddling in the streets, or any child found engaging in an occupation or being in a situation dangerous to life or limb or injurious to the health or well being of such child."

the welfare of the children must control. He contends that the trial justice considered only the standards used in determining custody arising in a controversy between contesting parents in a domestic relations case. While conceding that the welfare of the children is of primary concern, respondent nevertheless argues that in awarding custody, other factors, particularly the rights of the natural parents, must be considered. He argues that, except for the most cogent and compelling reasons, the rights of natural parents should never be interfered with or denied. *Gillis* v. *Main,* 96 R. I. 88, 189 A.2d 808 (1963); *Skeadas* v. *Sklaroff,* 84 R. I. 206, 122 A.2d 444 (1956); *Mowry* v. *Smith,* 82 R. I. 82, 105 A.2d 815 (1954); *DesMarais for a Writ of Habeas Corpus,* 71 R. I. 165, 42 A.2d 893 (1945).

It is true, as respondent contends, that in custody cases the rights of the natural parents are a most important consideration. However, we espouse and follow the long-established rule that in awarding custody of a child, the best interests and welfare of the child outweigh all other considerations. *Zinni* v. *Zinni,* 103 R. I. 417, 238 A.2d 373 (1968); *Culpepper* v. *Martins,* 96 R. I. 328, 191 A.2d 285 (1963); *Chatelain* v. *Chatelain,* 93 R. I. 136, 172 A.2d 332 (1961). The trial justice was correct when he based his finding on the welfare and best interest of the children.

The respondent further argues that the trial justice erred when he refused to allow petitioners to be questioned regarding their attitude toward respondent and the manner in which they would present the image of respondent to the children in the event custody was awarded to them. The trial justice excluded such testimony on the ground that it was not relevant to the question of custody. It is well settled that the trial justice must exercise discretion on the admission of evidence objected to as being irrelevant. Such a ruling should not be held to be reversible error unless the trial justice abuses his discretion to the prejudice of the

objecting party. *McSoley* v. *McSoley*, 91 R. I. 61, 161 A.2d 216 (1960); *Swartz* v. *Edwards Motor Car Co.*, 49 R. I. 18, 139 A. 466 (1927). It is our opinion that the trial justice did not abuse his discretion to the prejudice of respondent in excluding such evidence.

The respondent next contends that the trial justice erred in admitting members of the press to the hearing of the instant cause. The matter of admission to such a hearing is directed to the sound discretion of the trial justice, and his decision will not be disturbed by us unless we are persuaded that he has clearly abused his sound judicial discretion. We find no such abuse by the trial justice.

The respondent's final contention is that the trial justice erred when he awarded permanent custody to petitioners. We find merit in respondent's argument.

The Family Court derives its authority to remove a child from the custody of his parent or parents only from a showing that under the conditions existing at the time of the hearing, the child is lacking proper parental control and supervision and that the welfare and best interests of the child require that his custody be taken from the parent or parents and placed with either an authorized agency, a relative of the child, or some suitable person, under such terms as the court shall determine. The court has no authority in such proceedings to terminate the rights of the parent or parents, but has the authority only to place custody with someone other than the parents until such time as it shall appear upon proper showing that the parents are ready and able to provide proper parental control and supervision and that a return of custody to the parent or parents will be for the welfare and in the best interest of the child. An order awarding custody merely adjudicates the rights of the parties as to which one should have custody and is not res judicata with respect to future acts or conditions. The court, therefore, cannot establish perma-

nent custody of the child and assume to foreclose judicial consideration of custody. It is clear that as a result of this limitation any order or decree affecting custody of a child is subject to future control and modification by the court as subsequent conditions and circumstances may require for the welfare and best interests of the child.

It is thus evident that the trial justice lacked authority to award permanent custody to the petitioners. To that extent the decree appealed from is erroneous.

The appeal of the respondent is sustained in part and denied in part; the decree appealed from is vacated and the cause is remanded to the Family Court for the entry of a decree in accordance with this opinion.

*Joseph A. Capineri*, for petitioners.

*William J. Burke, William P. Butler*, for respondent.