CARL F. DiRusso *vs.* JANE M. DiRusso. June 30, 1981. In the judgment of divorce nisi custody of the parties' only child was awarded to the mother. During the ensuing months, both parties aggressively sought the court's assistance, filing motions to alter and amend the judgment and complaints regarding alleged violations of the custody order. Although liberal visitation was granted initially to the father, there have been several changes and adjustments of visitation due to the tension, bitterness and unhappiness generated by visitation arrangements and because of actions of the parties.

We treat the entire series of petitions and other filings which relate to matters concerning the child as one continuous proceeding. Thus viewing the entire record on appeal, we conclude that none of the findings is clearly erroneous and that the orders and judgments based on those findings should stand as presently entered. In light of this conclusion, only the question of visitation warrants further discussion. For all purposes relevant to our analysis, custody has at all material times resided in the

mother. We think that there is ample support in the record for the judge's ruling of October 30, 1979, limiting the husband's visitation rights.

While we recognize that it is usually important that both parents have frequent and continuing association with their child, *Tolos* v. *Tolos*, 11 Mass. App. Ct. 708, 712 (1981), the governing principle in these cases is the promotion of the child's best interests, and "when the parents are at odds, the attainment of that purpose may involve some limitation of the liberties of one or other of the parents." *Felton* v. *Felton*, 383 Mass. 232, 233 (1981). Compare *Vilakazi* v. *Maxie*, 371 Mass. 406, 408-409 (1976), where custody of the child was awarded to the father and stepmother, with no rights of visitation by the mother.

We mention in summary manner various collateral issues argued.

1. The judge could reasonably refuse to accept the affidavit of a polygraph examiner who had administered a lie detector test to the defendant at the defendant's request but without prior approval of the court. Apart from the affidavit, there was no evidence as to the examiner's competency or the manner and circumstances of administering the test. See *Commonwealth* v. *A Juvenile (No. 1)*, 370 Mass. 450, 453-454 (1976). See also *Commonwealth* v. *A Juvenile*, 365 Mass. 421, 426 (1974). We do not read the later cases of *Commonwealth* v. *Vitello*, 376 Mass. 426, 453-457 (1978), and *Commonwealth* v. *Allen*, 377 Mass. 674, 677 (1979), as limiting the discretion of the trial judge with respect to this issue.

2. It was not an abuse of discretion for the judge to refuse to order independent psychiatric evaluations of all the parties. The judge had heard the divorce and myriad subsequent proceedings. In light of these many opportunities to see and hear the parties and their witnesses, the judge had more than an ample basis for concluding as he did, and we are not now in a position to say that he was clearly erroneous. See Mass.Dom.Rel.P. 52(a) (1975).

3. Even if the issue is properly before us, the judge's findings regarding the husband's alleged involvement in the rape of his former wife (the defendant here) have not been shown to have been clearly erroneous.

4. The judge did not err in limiting the husband's cross-examination of the guardian ad litem who conducted an investigation and filed a report pursuant to G. L. c. 215, § 56A. We discern no abuse of the broad discretion afforded to the trial judge in such circumstances. Notwithstanding the dubious relevance of the proposed inquiries, the record does not show that the husband was unfairly precluded from examining the witness. Nor has the husband made it appear how he might have been prejudiced by the exclusion of certain of his questions to this witness. See *Perry* v. *Carter*, 332 Mass. 508, 513 (1955); *Breault* v. *Ford Motor Co.*, 364 Mass. 352, 358 (1973). This case is distinguishable from *Gilmore* v. *Gilmore*, 369 Mass. 598, 603-605 (1976), where the judge refused to allow the guardian ad litem to testify at all.

5. Although we are puzzled why the wife would wish to retain the husband's personal property, the question of her alleged refusal to return any such property is not properly before us.

*Judgment and postjudgment*
*orders relating to visitation*
*rights affirmed.*

*Alanna G. Cline* for Carl F. DiRusso.
*Edward P. Smith* for Jane M. DiRusso.