### Christen OLSON

### v.

### William M. OLSON.

### No. 96–525–Appeal.

Supreme Court of Rhode Island.

Oct. 29, 1997.

*John Coughlin*, Providence.

*Henry H. Katz*, Pawtucket.

### ORDER

This matter came before the Supreme Court on October 6, 1997, pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided. The defendant, William Olson (defendant) appeals from a Family Court judgment awarding joint custody of the parties' child to both parties and physical possession of the child to the plaintiff, Christine Olson (plaintiff).

After hearing the arguments of counsel for the parties and after reviewing the memoranda of the parties, we are of the opinion that cause has not been shown and the appeal will be decided at this time.

The plaintiff and defendant were divorced on May 8, 1987 and sole custody of the couple's only child was awarded to plaintiff. On December 20, 1989, a consent decree entered amending the final judgment of divorce by awarding physical custody of the child to defendant. On January 22, 1992, another order entered further amending the final decree and awarding sole custody of the child to defendant and suspending plaintiff's visitation rights altogether. In March of 1992, however, a consent order entered reinstating plaintiff's visitation rights.

On July 29, 1994, plaintiff petitioned the court for sole custody and physical possession of the child. In conjunction with this petition, plaintiff sought and received an ex parte order awarding her temporary custody and physical possession of the child. Sometime thereafter, while the plaintiff's petition was pending, the parties entered into a consent decree in which both parties retained joint custody of the child with physical possession continuing temporarily with plaintiff. It appears from the record that the impetus for the change in possession was the fact that defendant had become seriously ill.

The plaintiff's petition for sole custody and physical possession remained pending throughout this period. A hearing on the petition began on May 23, 1995. On September 20, 1995, the trial justice rendered a bench decision in which he found that both parties were fit and proper parents to have custody of the child. He stated that he had considered the testimony of the child as well as the recommendation of the clinical psychologist and determined it would be in the child's best interest for her to remain with

her mother. The trial justice found that neither party was at fault for the custodial situation as it then existed, but that a change of circumstances had occurred such that physical placement was now with plaintiff. He further found that it would be detrimental to change the child's residence in opposition to her wishes.

The defendant appealed that decision to this court. On appeal defendant argues that the trial justice erred in finding a change of circumstances sufficient to change physical placement and that he overlooked material evidence in finding that his wife is a fit and proper person to have placement of the minor child.

Review of a child custody award is limited to whether the trial justice abused his/her discretion. *Pettinato v. Pettinato*, 582 A.2d 909, 914 (R.I.1990). To modify a custody order, there must be a showing of changed circumstances. *Kenney v. Hickey*, 486 A.2d 1079, 1082 (R.I.1985). The burden of showing this change is on the moving party and it must be shown by a preponderance of the evidence. *Parrillo v. Parrillo*, 495 A.2d 683, 685 (R.I.1985). Once a sufficient change in circumstances has been shown, the trial justice is guided by the best interests of the child. *Kenney*, 486 A.2d at 1082.

After a careful review of the trial justice's decision it is clear that there was sufficient evidence to find a substantial change in circumstances such that a review of the custody order was permissible. The trial justice noted that for the year subsequent to the onset of defendant's illness, the child lived with her mother, had been enrolled in a private school and had extensive visitation with her father. Contrary to defendant's assertions, the trial justice did not base his finding on defendant's illness but merely referred to it by way of explaining the cause for the substantial change in circumstances. "Whatever the cause for the change in circumstances, the change did occur." Therefore, the court did not err in finding a substantial change in circumstances sufficient to modify the order.

Furthermore, it is clear that the trial justice applied the appropriate criteria in evaluating the best interests of the child. *See Pettinato*, 582 A.2d at 913–14. As was previously stated, the trial justice found that the child had lived with her mother for the last year and was currently enrolled in a private school. He indicated that the child had expressed her desire to continue living with her mother and noted that plaintiff was demonstrably more unselfish than defendant in her desire to do what is best for the child. The trial justice also recognized the testimony of the clinical psychiatrist who stated that he thought it would be in the child's best interest to stay with her mother and that any change would be harmful. Based upon the totality of the evidence, it cannot be said that the trial justice abused his discretion in finding that the best interests of the child are served by continuing physical possession with her mother.

Consequently the appeal is denied and dismissed, and the judgment appealed from is affirmed. The papers in the case may be returned to the Family Court.