JOSEPHINE B. LEIGHTON *vs.* SCOTT W. LEIGHTON.

MARCH 7, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Divorce.   Alimony.   Appeal and Error.   Final Decrees.   Review.*

The procedure to review a decision denying a motion to modify a final decree in divorce is by appeal and not by bill of exceptions.

*(2)   Divorce.   Alimony.*

It would seem that the trial court would have the right to suspend an order for alimony until the children of the parties are returned to this state, where it is necessary for the protection of the welfare of the children or the enforcement of any right of the father to see the children.

DIVORCE.   Heard on exceptions of respondent and dismissed.

RATHBUN, J.   This case is before us on the respondent's exception to the decision of a justice of the Superior Court refusing to modify a final decree directing him to pay alimony to the petitioner.

On April 19, 1924, the Superior Court entered a decree divorcing the parties on petition of the wife.   The decree awarded to the petitioner the custody of the three minor children of the parties and the sum of $12 per week as alimony.   The decree contained no provision that the respondent be permitted to see the children.   It appears that sometime thereafter the petitioner with the children moved from Rhode Island to the Commonwealth of Massachusetts.

On August 6, 1926, the respondent filed with said court a motion to modify said decree so that the order directing him to pay alimony would be suspended until the children are brought back and located within the jurisdiction of said court.   He did not complain that he has not been permitted to see the children at all reasonable times.   The justice to whom the motion was assigned for hearing denied the motion.

In *Ward* v. *Ward*, 48 R. I. 60, we pointed out that the procedure to be followed in bringing to this court for review a decision denying a motion to modify a final decree entered

in a divorce proceeding is by appeal and not by bill of exceptions. We stated that a decree embodying the decision complained of should be entered and an appeal taken from the decree.

Although the case is not properly before us for review, we will say for the benefit of the parties that if it were necessary for the protection of the welfare of the children or the enforcement of any right of the father to see his children, the Superior Court has the right to suspend an order for alimony until the children of the parties are returned to this State; but nothing was presented tending to show that the welfare of the children would be improved by returning them to Rhode Island or that the father is being deprived of any right. The custody of the children has been taken from the father and he has no right to dictate as to their residence. No reason was even suggested for coercing the mother to reside within this State.

The bill of exceptions is dismissed and the papers in the case are ordered sent back to the Superior Court.

*Thomas F. Farrell,* for petitioner.

*Thomas J. Dorney, James F. McCartin,* for respondent.