FREDA J. LAWRENCE *vs.* ANTHONY LAWRENCE.

· AUGUST 27, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This case is before us on the respondent's appeal from a final decree as amended in a divorce case. It involves rulings by a justice of the superior court on motions by the petitioner and the respondent affecting the custody and support of their minor children, who had been removed to another state by the mother without leave of the superior court and without prior knowledge of the respondent. No brief was filed for the petitioner nor was she present or represented by counsel at the hearing on this appeal.

The pertinent facts are as follows. On January 29, 1951 a final decree was entered granting petitioner a divorce, the custody of two minor children, and $10 per week for their support. The decree also granted her the right to take the children to her permanent home in New York state and reserved to the father the right to visit them at all reasonable times. The petitioner waived alimony for herself and the respondent agreed to the terms of said decree. After the divorce became final both parties remarried. The respondent made the payments required by the decree, but not always on time, and he visited the children, at the most, twice a year while they were in New York state. Late in 1954 petitioner moved with her present husband to Ohio where he found a job, and she took the children with her

without notifying respondent and without obtaining permission of the superior court.

On or about January 21, 1955 respondent filed a petition to suspend payments for support of the children on the grounds that petitioner, in violation of the decree, had taken the children to Ohio and that it was impossible for him to visit them in accordance with the terms of the decree. He testified in substance that he could afford neither the time nor the money to travel to Ohio. On February 26, 1955 petitioner's attorney filed a petition to modify the final decree so as to permit the children to remain with their mother in Ohio.

These two petitions came on for hearing in the superior court but petitioner was not present in person nor did she file a deposition. At the hearing her attorney made an oral motion to discontinue her petition to modify the final decree, as such action had not been authorized, and the respondent objected thereto. The trial justice had previously ruled that it was agreed by counsel that she moved to Ohio because "it was some economic circumstances of the family." He further stated there was no evidence that she had moved to Ohio to put the children farther away from contact with the father and he also observed that there was no petition or reason to change the custody. The trial justice gave extensive consideration to alternative solutions, keeping in mind what he considered was for the good of the children, and he concluded that it would not contribute to their welfare to suspend these payments.

Accordingly on May 13, 1955 he entered a decree entitled "Final Decree As Amended" providing in substance that respondent continue to pay $10 per week, subject, however, to the provision that because the cost of visiting the children in Ohio will be substantial, the respondent may take a credit of $200 if he visits them in that state. This credit is to be applied against the sums to be paid by him in the future, but is to be allowed only if he does visit the children and he may have only one such credit a year. The decree

also permitted petitioner to discontinue her petition to modify the final decree and denied respondent's petition to suspend payments. From such decree the respondent has duly appealed to this court.

The respondent filed eight reasons of appeal, the first five of which may be summarized as substantially that such decree is against the law, against the evidence, and against the law and the evidence and the weight thereof. The sixth and seventh reasons relate to the decision of the trial justice in granting petitioner's motion to discontinue her petition to modify the decree and in denying respondent's petition to suspend payments. The eighth reason concerns rulings of the trial justice during the hearing as to petitioner's reason for moving to Ohio, and the claim that such rulings constituted prejudicial error. We shall consider all these points together, since there is only one main issue presented for our consideration, namely, the welfare of the children. We have examined the record and the transcript to ascertain whether the trial justice has applied the law correctly to the facts.

In a proper case, where the welfare of the children is concerned, the superior court has the right to suspend an order for their support until the children are returned to this state. *Leighton* v. *Leighton,* 48 R. I. 195. In a case involving a motion to change custody, the moving party has the burden of showing by a fair preponderance of evidence that, because of altered conditions and circumstances or for other good reasons, change of custody is necessary in the interest of the children's welfare. *Kelley* v. *Kelley,* 77 R. I. 229. And this court has consistently held that in passing on a motion to amend a final decree as to custody of minor children, the welfare of the children is the chief consideration. *Kelley* v. *Kelley, supra; Budlong* v. *Budlong,* 51 R. I. 113, 115. It is our opinion that the same principles should be applied in a case, as here, wherein a party moves to suspend payments for the support of minor children.

However, it is also our opinion that ordinarily in the interest of the children and also out of consideration for the rights of the other parent, the successful parent in a cause involving custody of minor children should not remove said children from the jurisdiction of the court which granted such custody without first obtaining an order so to do from the court.

In the case at bar the trial justice had the opportunity to hear the testimony and to observe the respondent in person. From the evidence before him he could reasonably have inferred that the respondent was not acting in good faith but rather was trying to evade his duty to support his children. No persuasive evidence has been presented of a particular desire to visit his children whether they were in New York state or Ohio. Nor is there any evidence that it is for the best interests of the children to suspend the payments for their support or to force petitioner to return the children to New York or to Rhode Island, or to separate them from their mother with whom they have lived since birth. This being so, we cannot say that the decision of the trial justice is clearly wrong.

It is our opinion that there is no merit in respondent's contention that the trial justice erred in granting petitioner's oral motion to discontinue the petition to modify the final decree so as to permit the children to remain with her in Ohio. The superior court had jurisdiction and it was a matter to be decided by the trial justice in the exercise of his sound discretion. In our judgment no abuse of discretion is shown and the respondent was in no way prejudiced by his ruling.

After a careful consideration of the transcript we are of the opinion that respondent failed to sustain the burden imposed upon him to show by a fair preponderance of the evidence such changed conditions or circumstances as would require, in the interest and welfare of the children, suspension of payments for their support. It is also our opinion that the trial justice did not misconceive the evidence or

the law, and that his decision was based on the weight of the evidence before him consistent with the principles of law applicable thereto.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

(Petitioner not represented.)

*Isidore Kirshenbaum*, for respondent.