284 A.2d 582.

CATHERINE M. CHACE *vs.* KIP I. CHACE, JR.

DECEMBER 20, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is the motion of a wife in a divorce action for an interpretation and/or modification of that portion of the final divorce decree which, as amended, gave the husband extensive rights of visitation with the two minor children of the parties, including the right to have them with him for "one week, commencing with the day following Christmas Day and ending on New Year's Day," and "[o]n alternate holidays." The motion was heard in the Family Court by a judge other than the one who had heard the case on its merits, and when it was granted, the husband appealed.

The controversy between the parties arose out of their inability to agree on which of them was entitled to have possession of the children on Christmas Day, 1970. In both the Family Court and here the husband's theory has been that the final decree gave him the right to have the children with him "on alternate holidays," that Christmas Day is a holiday and that he therefore has the right to have

the children visit with him in alternate years on Christmas Day. The wife has consistently taken a contrary position. She has argued that Christmas Day is not a "holiday" within the contemplation of the final decree. Then, conceding arguendo that the final decree might be otherwise interpreted, she has requested that it be modified by awarding her "possession" of the children on Christmas Day.

It is fair to assume that at the interpretation hearing the trial justice recognized, as we do now, that the language at issue, rather than being unambiguous and definite, is open to varying interpretations. Knowing that the pertinent provision had been taken directly from a property settlement agreement between the parties, and desiring to shed some light on what was otherwise unclear, the trial justice permitted the parties to testify about what they intended. Unfortunately, their testimony, being in complete conflict, was of no assistance. Faced with these conditions, the trial justice took a broad view of the problem. Rather than focusing on the disputed visitation provision and speculating on what was meant or intended, his approach was to look for a solution which in his judgment would best serve the interests and the welfare of the children. That approach resulted in the entry of a new decree which awarded custody of the children on each Christmas Day to the wife, and directed her to take the children for an annual Christmas visit to the home of their paternal grandparents where the husband now resides. From that decree the husband appealed.

The divorce decree with respect to visitation rights having been thus modified, the questions for us are whether there were sufficient altered conditions and circumstances, or other good reasons necessitating that modification, *Vieira* v. *Vieira*, 98 R. I. 454, 204 A.2d 431 (1964); *Kelley* v. *Kelley*, 77 R. I. 229, 231, 74 A.2d 452, 453 (1950) and, if so, whether the trial justice in fashioning a solution to the problem

abused his discretion. *Chatelain* v. *Chatelain,* 93 R. I. 136, 172 A.2d 332 (1961); *Lawrence* v. *Lawrence,* 85 R. I. 13, 17, 125 A.2d 218, 220 (1956).

The trial justice, recognizing the impossibility of interpreting the decree, centered his attention, as he was required to do, on what would best serve the welfare of the children. *Chatelain* v. *Chatelain, supra; Kelley* v. *Kelley, supra; Lawrence* v. *Lawrence, supra.* That goal, he concluded, could be achieved by bringing the family together on Christmas Day on what was, according to the testimony, neutral territory. When he proposed that arrangement both parties agreed that it would be satisfactory.[1]

---

[1]When asked by the court why he couldn't go to his former wife's home to visit the children on Christmas Day (T 61 Q 35) Mr. Chace replied:

"My mother is 77 years old. These are the only two grandchildren that she has * * * and I would like to have the opportunity for her these last few remaining years to spend Christmas with my children and myself." (T 62, 63).

"38  Q  All right, so that your former wife is welcome in your mother's house?

A  Absolutely.

"39  Q  And if the court sees fit to have her go with the children there, she would be welcome there?

A  Great.

"40  Q  Now, you're asking that the children go to your mother's house every other Christmas?

A  Yes, sir.

"41  Q  Or every Christmas, either way, whatever the judge wants, correct?

A  Correct."

The interchange between the court and Mrs. Chace was as follows:

"The Court:  First of all, Mrs. Chace, do you have any objection yourself to having these children in the home of your former husband's mother on Christmas Day?

Mrs. Chace:  No, not really.  Mother Chace is very, very nice.

The Court:  Or would you like to be there? Think you should go there? Would you go there? Now I don't want to mess it up for you either. Would you go there?

Mrs. Chace:  Yes, I would go anywhere with my children.

The Court:  All right, that's all." (T 74, 75).

In the circumstances we cannot say that the trial justice lacked a good reason for the change he ordered or that he abused his discretion when he ordered that change.

The respondent's appeal is denied and dismissed and the order appealed from is affirmed.

*Gunning, LaFazia, Gnys & Selya, Anthony G. Iannuccillo,* for petitioner-appellee.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for respondent-appellant.