## MARJORIE RAYMOND *v.* ROBERT RAYMOND

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 6, 1973—decided January 15, 1974

*William F. Gallagher,* with whom, on the brief, was *Frederick S. Moss,* for the appellant (plaintiff).

*Barbara Coppeto,* for the appellee (defendant).

LOISELLE, J.  This is an action for divorce in which judgment had been rendered granting a divorce to the plaintiff and awarding custody of the minor children to the plaintiff with the right of

reasonable visitation in the defendant. The defendant filed a motion to terminate the order of support. The motion was modified at the hearing upon a request for a reduction rather than a termination. At a hearing on the motion, the court reduced the weekly amount due under the order of support. The plaintiff has appealed.

No evidence was taken at the time of the hearing on the motion. The pertinent facts which are not disputed by the parties may be summarized as follows: A judgment of divorce in favor of the plaintiff dated February 5, 1971, gave custody of the four minor children and support in the total amount of $100 a week to the plaintiff, and rights of reasonable visitation to the defendant. At the time of the decree both parties were residents of Connecticut. On July 15, 1972, the plaintiff moved to Florida with the four minor children and was living there at the time of the hearing on August 24, 1972. Prior to her moving out of state, the defendant purchased the plaintiff's share of the house in which the plaintiff and the four minor children were living. Upon being asked by the court if he knew his former wife was moving to Florida, the defendant replied, "I knew she was moving." The transcript of the hearing also reveals that the plaintiff remarried prior to selling her share of the dwelling. The plaintiff did not seek permission from the court to move to Florida with her children. In a motion dated July 24, 1972, the defendant sought to have the court terminate the order for support of the minor children because the plaintiff, on July 15, 1972, permanently moved from Connecticut to Florida and took the children with her without procuring permission of the court or making any arrangements for visita-

tion by the defendant. The plaintiff was not present at the time of the hearing but her attorney opposed the motion. The court reduced the weekly support for each of the four children from $25 to $15 for each child.

General Statutes § 46-23 provides, in part: "On any complaint for a divorce, the court may, at any time, make any proper order as to custody, care and education of the children and may, at any time thereafter, annul or vary such order." By virtue of this statute, the court has continuing power to open a judgment after the expiration of the term in which it was rendered. "To limit the use of the power given to the trial courts by § 46-23 and to give effect to the principle of res judicata, there has developed a rule, which is accepted by this court, that before an order as to custody or support of children may be modified there must have been a material change of circumstances after the order was issued." *Cleveland* v. *Cleveland,* 161 Conn. 452, 459, 289 A.2d 909.[1] The legislature codified this requirement in § 46-26c[2] which provided, in part,

[1] Section 46-23 has now been repealed by Public Acts 1973, No. 73-373, § 43. Section 46 of the new act provides that the act will apply to appeals from, and motions for modification of, any support order entered pursuant to a decree of divorce rendered prior to the effective date of the act, October 1, 1973. Section 15 of the new act confers continuing jurisdiction on the court for modification of support. Assuming that § 46 applies to appeals taken prior to October 1, 1973, without deciding the issue, the language of the new act would not modify any result in this appeal.

[2] Section 46-26c, enacted as Public Acts 1972, No. 164, § 1, has also been repealed by Public Acts 1973, No. 73-373, in § 18. The quoted language was deleted from the provision substituted for § 46-26c and placed with some modification in § 23 of the new act. Once again the new statute would have no effect on this appeal, although § 23 uses a "substantial change in the circumstances" standard as the prerequisite to any modification of support, rather than the "material change" language of § 46-26c.

that "[a]ny final order . . . concerning custody, visitation, education or periodic payments of alimony or child support, may at any time thereafter be continued, set aside, altered or modified . . . upon a showing of a material change in the circumstances of either party or of their children." The defendant contends that the removal from the state of the minor children effectively denied him his rights of visitation and constituted a material change of circumstances that would warrant a variance of the support order.

The issue in this appeal is a very narrow one and that is whether a court may modify an order for support simply on the ground that a parent, without permission of the court, has moved out of the state with the children of which he or she has custody, but with rights of reasonable visitation in the other parent. This court has not had prior occasion to rule on this precise issue.

A consideration of what constitutes a material change of circumstances must be made within the framework established by statute. Section 46-26[3] states, in part: "Upon the dissolution of any marriage by divorce, the parents of a minor child of such marriage, who is in need of maintenance, shall maintain such child according to their respective abilities, and . . . upon motion . . . made to the superior court in any such case by either parent . . . subsequent to the granting of a decree of

[3] Section 46-26 was repealed by § 43 of Public Acts 1973, No. 73-373. Section 26 of the new act provides for support orders and details the factors to be considered in determining the pecuniary abilities of the parties. Since there was no question presented as to financial capacity, this section also could have no effect on this appeal.

divorce, it shall inquire into their pecuniary ability and may make and enforce such decree against either or both of them for the maintenance of such child as it considers just." The needs of the child, within the limits of the financial abilities of the parent, form the basis for the amount of support required. *Fowler* v. *Fowler,* 156 Conn. 569, 572, 244 A.2d 375. Under the facts of this case, the financial ability of the defendant to continue the same amount of support was not placed in issue. Thus the court was only required to consider the needs of the children.

The entire transcript of the proceedings annexed to each brief is completely devoid of any reference by the defendant or by either counsel to the needs of the children. The hearing was wholly concerned with the issue of the plaintiff's moving from the state without permission of the court. It is clear from the remarks of the court as shown in the appendices of the briefs that this was its only concern during the entire hearing. Although the court once stated it was concerned with the welfare of the children, it is also clear that the modification of the support order was based solely on the court's finding that the plaintiff had moved from this state with her children without the permission of the court. The court stated: "I don't think fifty dollars is adequate but I think it should be modified on the general principle of making this mother realize that she shouldn't have taken the law in her own hands."

While the court should have considered the needs of the children, other factors may also be relevant. It was proper for the court to review the actions of the plaintiff, but its conclusion that her departure with the children was unlawful without first procur-

ing the permission of the court is not the law of this state. The divorce judgment rendered on February 5, 1971, and its minor modification about two weeks later gave no right to the defendant to dictate the residence of the minor children nor is it anywhere decreed that it would be for the best interests of the children that they remain in this state. A divorce decree which awards the custody of a child to one parent with permission to the other to visit the child at reasonable times and places but which does not expressly restrict the residence of the child, does not impliedly prohibit the removal of the child from the state.[4] *Levell* v. *Levell,* 183 Ore. 39, 45, 190 P.2d 527; *Thomas* v. *Thomas,* 206 Tenn. 584, 586–87, 335 S.W.2d 827; *Earl* v. *Earl,* 17 Utah 2d 156, 158, 406 P.2d 302; *Gaidos* v. *Gaidos,* 48 Wash. 2d 276, 280, 293 P.2d 388; 24 Am. Jur. 2d, Divorce and Separation, § 798; 27B C.J.S. 487, Divorce, § 313. It is noted that the courts in other jurisdictions are not in complete accord; however, the practice of the courts in our state has been to adjust the rights of the parties, taking into consideration the welfare of the child or children, the financial resources of both parents, and the rights involved. See *Morrill* v. *Morrill,* 83 Conn. 479, 77 A. 1; see also *Lawrence* v. *Lawrence,* 85 R.I. 13, 15, 125 A.2d 218.

---

[4] The better practice for a divorced parent contemplating moving from the jurisdiction was well expressed in *Lawrence* v. *Lawrence,* 85 R.I. 13, 17, 125 A.2d 218: "[O]rdinarily in the interest of the children and also out of consideration for the rights of the other parent, the successful parent in a cause involving custody of minor children should not remove said children from the jurisdiction of the court which granted such custody without first obtaining an order so to do from the court." Had the plaintiff followed this procedure, this appeal and other hearings that no doubt will be held in conformity with this opinion would have been averted.

Visitation rights are not wholly unrelated to the welfare of the children of divorced parents. Minor children are entitled to the love and companionship of both parents. For the good of the child, unless a parent is completely unfit, a decree should allow a parent deprived of custody to visit or communicate with the children under such restrictions as the circumstances warrant. 27B C.J.S. 478, Divorce, § 312. If circumstances have placed a financial burden on the parent in relation to visitation, the court may consider whether a reduction in support is in the best interests of the children, to allow the expenditure of funds saved from the reduced payments to be spent on securing visitation. A parent's privilege of visitation of children whose custody has been awarded to the other parent in a divorce action, however, is not an absolute right but one which is dependent on what is for the best interests of the children even though such visitation rights may be restricted or effectively terminated. *Lewis* v. *Lewis,* 338 Mich. 197, 201, 61 N.W.2d 66; *Butler* v. *Butler,* 83 N.H. 413, 416, 143 A. 471. Where custody and visitation rights have been affected, a court has the power and the duty to safeguard those rights while recognizing that such interests are subordinate to the welfare of the children. Neither parent's interests with regard to his or her children are a property right nor are they rights which cannot be terminated without his or her consent. *Doe* v. *Doe,* 163 Conn. 340, 343, 307 A.2d 166; *Goshkarian's Appeal,* 110 Conn. 463, 468, 148 A. 379. A contest relative to custody, such as visitation rights, is not one primarily to determine the rights of the respective parties but rather a determination of the best interests of the child or children. *Antedomenico* v. *Antedomenico,* 142 Conn. 558, 562, 115

A.2d 659; see *Krasnow* v. *Krasnow*, 140 Conn. 254, 260, 99 A.2d 104. It has never been our law that support payments were conditioned on the ability to exercise rights of visitation or vice versa.[5] The duty to support is wholly independent of the right of visitation.

In the present case the plaintiff, the defendant and the court gave no consideration to the children's welfare or the financial abilities of the parties. The court's action in reducing support payments solely on the ground that the plaintiff had taken the children out of the state was erroneous.

There is error and the case is remanded with direction to deny the motion to terminate the order of support.

In this opinion the other judges concurred.

[5] In *White* v. *White*, 138 Conn. 1, 81 A.2d 450, a wife left her husband, taking their child with her. The court found that the husband was not at fault and that he continued to have living quarters available for the child. The court held that in these circumstances the father's liability for support was suspended under common-law principles. *White* v. *White*, supra, 6–8. At present, we are not dealing with common-law rights to custody but with visitation rights and support obligations under a court order, promulgated pursuant to statute.