**333 A.2d 135.**

Valeska M. King *vs.* Edwin W. C. King.

March 3, 1975.

Present: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Roberts, C. J. This is an appeal from the granting of a motion of the respondent to amend a final decree of divorce entered in the above case on June 24, 1968. In that decree physical custody of a son of the parties, Edwin Mark King, who was then 8 years of age, was awarded to the parties jointly. The decree provided that the physical custody of the child would be in the mother except on weekends, when physical custody would be in the father. The decree also ordered the father to pay the amount of $60 a week for the support of this child and another minor child of the parties. This motion to amend the final decree was filed on June 16, 1972, at which time the child had attained an age of 12 years. On November 22, 1972, the court, after hearing on the motion, awarded physical custody of the child to the father, and from that decree the mother is now prosecuting an appeal to this court. At the same time the court entered a decree awarding a counsel fee to the mother, from which decree the father is prosecuting an appeal.

The mother's first contention is that the trial justice erred in entertaining the motion for the change in custody. A prerequisite to the reopening of the final decree is that a change in conditions or circumstances must have occurred. The mother asserts that no evidence had been adduced that would support a finding of sufficiently changed conditions.

In this state the question of the custody of minor children of divorced parties, whether provided for in a final decree or otherwise, continues within the jurisdiction and control of the trial court. G. L. 1956 (1969 Reenact-

ment) §15-5-16; *Reynolds* v. *Reynolds,* 79 R. I. 163, 85 A.2d 565 (1952); *Budlong* v. *Budlong,* 51 R. I. 113, 152 A. 256 (1930). However, the trial court should not exercise that jurisdiction absent a showing that there has been some alteration or change in the circumstances and conditions that existed at the time of the entry of the final decree. A decree awarding custody to one of the parents settles the rights of the parties until such a change in condition is shown, and the burden of so showing is on the movant. *Vieira* v. *Vieira,* 98 R. I. 454, 457, 204 A.2d 431, 433 (1964); *Lawrence* v. *Lawrence,* 85 R. I. 13, 16, 125 A.2d 218, 220 (1956); *Kelley* v. *Kelley,* 77 R. I. 229, 231, 74 A.2d 452, 453 (1950).

In our opinion, the father has met the burden of proof on the question of the requisite change in circumstance or condition. The record discloses that at the time the final decree was entered the child was 8 years of age, and at the time of the filing of the motion to amend the child was 12 years of age. This is an increase of 4 years in the age of the child at a critical period in a young boy's life. It is common knowledge, of which the court may take judicial notice, that during the period when a boy is passing from childhood into the teen years, he undergoes significant biological and emotional changes with a consequent broadening of his intellectual horizons. Such changes may well have a significant bearing upon the question of what would be in the best interests of the welfare of the child with respect to his future custody.

It is, then, our opinion that a substantial increase in the age of a child during some critical period in his life, standing alone, constitutes a change of circumstances sufficient to warrant the trial court in reopening the prior order awarding custody. There is apparently a dearth of decisions on this particular question, but in two cases decided by the Missouri Court of Appeals such an increase

in the age of a child, standing alone, has been held to constitute a sufficient warrant for the reopening of the previous custody order. *Blair* v. *Blair,* 505 S.W.2d 444 (Mo.App. 1974); *Cascio* v. *Cascio,* 485 S.W.2d 857 (Mo. App. 1972).

It is clear from the record that the court, as the mother contends, gave substantial weight to the testimony of the child concerning his desire to live with his father. However, the testimony of a child of 12 years of age, absent some peculiar circumstance, is admissible, and the weight to be given to it is a matter largely within the discretion of the court. It is not, of course, conclusive on the issue of what best promotes the child's welfare, but it is competent and highly material on that issue.

The court conceded the fitness and suitability of the mother to have custody and did, in fact, provide for reasonable rights of visitation and directed that the child be allowed to visit his mother and to stay with her whenever he desired. The trial justice, however, also recognized the pertinence of the child's desire to live with his father. He noted that the child was now 12 years of age, that he was approaching manhood, and that in such circumstances he would give the child's testimony substantial weight. It was quite appropriate for the court to consider, as it did, the validity of the desire of a boy approaching manhood to engage in activities which would be more available to him when living with his father, such as hunting, fishing, and hiking. The court clearly indicated its concern for the safety of the child by banning in the decree the keeping of firearms in the house.

This is a situation in which the court heard and quite obviously carefully weighed the testimony of all witnesses. The trial justice scrupulously protected the rights of the mother, as the natural parent of the child, to visitation and to have the child in her company when the child so

desired. He saw and heard the witnesses and, in our opinion, reached a sound conclusion in what was obviously a difficult situation. The fact that he gave weight to the testimony of the child in so doing did not, in our opinion, constitute an abuse of his sound judicial discretion, and in the circumstances we will not disturb his decision. *Chace* v. *Chace,* 109 R. I. 332, 284 A.2d 582 (1971); *Lawrence* v. *Lawrence, supra.*

The mother contends also that the trial justice erred in denying her motion to adjudge the father in contempt for failure to pay child support as ordered in the final decree of divorce. We have examined the record as it relates to the evidence adduced to establish nonpayment and are persuaded that the trial justice did not abuse his judicial discretion in denying the motion to adjudge in contempt. *Hartwich* v. *Hartwich,* 82 R. I. 54, 105 A.2d 821 (1954).

It appears also that the court granted the mother's petition for counsel fee. The award was made pursuant to §15-5-16, which provides for award of attorney's fees "* * * for the purpose of enabling her to prosecute or defend against any such petition for divorce or separate maintenance * * *." The statute has been narrowly construed, *Gartner* v. *Gartner,* 79 R. I. 399, 406, 89 A.2d 368, 373 (1952), and awards have been specifically denied in cases where a modification of child custody was sought. *Zinni* v. *Zinni,* 103 R. I. 417, 238 A.2d 373 (1968).

The appeal of the petitioner (mother) is denied and dismissed, and the decree appealed from is affirmed; the appeal of the respondent (father) is sustained, and the decree appealed from is reversed.

*Louis B. Cappuccio,* for petitioner.

*John P. Toscano, Jr.,* for respondent.