337 A.2d 246.

SUZANNE E. CARON *vs.* ROBERT J. CARON.

MAY 14, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This motion to vacate a decree of the Family Court ordering payments of $75 a week for the support of a child of the parties entered on January 12, 1973, was filed by the respondent husband in the above-entitled case on March 30, 1973. The record discloses that a decree granting a divorce to the petitioner wife had been entered on June 26, 1972, and thereafter, after the January 8th hearing, a decree awarding her $75 a week for support of the child was entered. Subsequently, on March 30, 1973,

the respondent husband filed this motion to vacate the January 12th decree, and a hearing on that motion was held on May 4, 1973.

In the course of that hearing, counsel for the husband moved that his motion to vacate be treated by the court as a motion to modify the decree awarding support for the child. Over the objection of the petitioner wife's counsel, the court granted that motion and proceeded to hear the matter as a motion for a modification of the decree. Thereafter, the trial justice modified the prior decree and entered a decree reducing the amount awarded for the support of the child from $75 a week to $35 a week. From that decree the petitioner wife is prosecuting an appeal in this court.

We will consider, first, the contention of the wife that the trial justice erred in modifying the prior decree; she argues that the husband had failed to adduce evidence that would support a finding that a change in circumstances had occurred since the entry of that decree. It is settled in this state that a prerequisite to the opening of a prior decree ordering child support is a showing that a material change in conditions and circumstances has occurred since the entry thereof. *Cambra* v. *Cambra*, 114 R. I. 553, 336 A.2d 842 (1975); *Reynolds* v. *Reynolds*, 79 R. I. 163, 85 A.2d 565 (1952).

The burden of establishing such a change in circumstances is on the moving party. *Spaziano* v. *Spaziano*, 94 R. I. 258, 179 A.2d 849 (1962). It is settled, however, that the court should refrain from exercising that jurisdiction absent a showing that there has been some alteration or change in the circumstances and conditions that existed at the time of the entry of the prior decree. One having the custody of a child should not be required to defend against a motion to modify or alter such an award where the cir-

cumstances and conditions under which that award was made remain as they were at that time.[1]

In our opinion, there is merit in the contention of the wife. During direct examination of the husband, his counsel was heckled persistently by counsel for the wife. There were repeated exchanges between counsel for the wife and the court, particularly over the admissibility of evidence bearing on the state of the husband's financial capacity to pay. It is indeed difficult to conclude that, in all the circumstances, the husband really had his day in court. However, we must concede that the record as it is presented to us contains no evidence persuasive of a change in the husband's financial condition since the entry of the prior decree.

In its decision the court made no specific findings of a change in the needs of the child, stating simply that room and lodging cost $40 a week and that "[t]here are other expenses, clothing and so on." We reiterate that the court made no findings as to a specific change in the financial condition of the husband. Apparently intending to state a ground upon which he based his order to reduce the allowance for the support of the child, the trial justice said: "* * * the man must, himself, receive some of the fruits of his own labors * * * ." He further stated that the reduction in the amount awarded for the support of the child was justified on equitable grounds.

We are unable to agree that such findings, even if they had been supported by competent evidence, suffice to constitute a change in the conditions or circumstances within the meaning of the rule above stated. That being so, we conclude that the court erred in modifying the prior decree

---

[1]The same rule has application in cases which involve a motion for a change in custody of a child. *See King* v. *King,* 114 R. I. 329, 333 A.2d 135 (1975).

by ordering the reduction in the amount to be paid by the husband for the support of the child.

The appeal of the petitioner wife is sustained, the decree appealed from is reversed, and the case is remitted to the Family Court.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for petitioner.