Rodney K. VEACH,

v.

Patricia M. VEACH.

81–50–Appeal.

Supreme Court of Rhode Island.

July 26, 1983.

Roderick A. Cavanagh, James V. Murray, Wakefield, for defendant.

Richard P. D'Addario (Hall, D'Addario & Machtley), Newport, for plaintiff.

OPINION

MURRAY, Justice.

This is the defendant's appeal from an order entered in the Family Court which granted the plaintiff's motion to amend a final decree by awarding to the plaintiff permanent custody of the parties' two minor children. We affirm the trial justice's decision.

On July 31, 1978, a final divorce decree was entered by the Family Court dissolving the marriage between Rodney K. Veach, plaintiff in the present case, and Patricia M. Veach, defendant in the present case. The decree, among other things, granted to defendant permanent custody of their two children, namely, Candace, born May 27, 1970, and Christopher, born February 14, 1975.

After the divorce, defendant lived with the two children in Jamestown while plaintiff resided in Middletown with his new wife and her daughter. These living arrangements continued until November 4, 1979, at which time the following occurred. The defendant drove her children to Middletown and dropped them off at the house next door to the one occupied by plaintiff. Both children then walked to their father's home, carrying with them a plastic bag containing their pajamas and a handwritten note from their mother which stated in part:

"So—although I love my kids—they're yours. You have the space, the money, the family, the friends which will allow you to provide for them.
" * * *

"It seems obvious to me that the children should have the benefits of living with you, with all the facilities at your disposal, and that I should—
 1. Pay you child support.
 2. See my children regularly."

The plaintiff testified that both children were very upset when they arrived and that he spent one hour trying to calm down Candace. He also attempted to telephone defendant but was unable to get an answer.

The next day plaintiff enrolled Candace in school and he made arrangements for a babysitter to care for Christopher, who was four years old at the time.

On December 6, 1979, plaintiff made an ex parte motion with the Family Court for a change of custody. The defendant was served on January 17, 1980, and an order was entered on January 31, 1980, giving plaintiff temporary custody of the children pending a full hearing on the matter. Subsequently, testimony was taken on April 3, 1980; April 17, 1980; May 22, 1980; May 30, 1980; July 7, 1980; and July 17, 1980. The trial justice rendered a bench decision on October 7, 1980, that gave plaintiff permanent custody of the two children.

The defendant first contends that the trial justice committed reversible error by considering a Child Welfare Service Report (report) in his decision. The defendant argues that the report constitutes hearsay and therefore should not have been considered.

It is a well-established principle that this court will consider only those matters that have been properly raised in the court below. *Fiske v. MacGregor Manufacturing Co.*, 464 A.2d 719 (R.I., 1983); *Phelps v. Bay Street Realty Corp.*, R.I., 425 A.2d 1236, 1239 (1981). In the instant case, defendant asserts that it was error for the trial justice to refer to the report in his decision. The report was also referred to during the hearings by the trial justice. However, the record reveals no objection made by defendant to the trial justice's reference to the report. Accordingly, we find that defendant waived her right to raise this issue on appeal.

The defendant's next contention is that the trial justice erred by finding that plaintiff made adequate provision for the educational needs of the children. Specifically, defendant avers that her daughter, Candace, is in need of a special education pro-

gram which can only be provided in Jamestown, with defendant's help at home.[1]

The record indicates that plaintiff, two days after the children were dropped off, enrolled Candace in the Linden school in Middletown. The record further indicates that the town of Middletown obtained her records from the Jamestown school system. These records were reviewed by members of the Middletown school system who concluded that Candace should be placed in a special education resource program that included remedial work as well as physical therapy. The special education teacher for Candace testified that he had worked with her on an average of 135 minutes per week in the areas of math and reading. From this evidence, the trial justice drew the inference that the educational needs of Candace were being met in Middletown.

■ We have consistently held that the findings of a trial justice sitting without a jury will not be disturbed on appeal unless the trial justice was clearly wrong or has overlooked or misconceived material evidence. *The Rake v. Gorodetsky*, R.I., 452 A.2d 1144, 1149 (1982); *Kem Manufacturing Corp. v. Howland*, 121 R.I. 601, 604, 401 A.2d 1284, 1286 (1979). It is also the province of the trial justice as a part of the factfinding process to draw inferences from the testimony of witnesses, and such inferences, if reasonable, are entitled on review to the same weight as his factual determinations. *Walton v. Baird*, R.I., 433 A.2d 963, 964 (1981).

■ Our review of the record, in particular the testimony of the Middletown special education teacher, discloses that the trial justice did not overlook or misconceive any material evidence with respect to Candace's educational needs. He carefully reviewed the testimony, and he drew reasonable inferences therefrom. Consequently, we find his findings of fact to be supported by the credible evidence adduced.

Finally, defendant contends that the trial justice erred by modifying the decree so as to give permanent custody to plaintiff.

■ Our scope of review on this issue is limited to whether or not the trial justice abused his discretion by granting plaintiff permanent custody of the children. *Chace v. Chace*, 109 R.I. 332, 333–34, 284 A.2d 582, 583 (1971). An abuse of discretion will not be found if there are sufficiently altered conditions and circumstances or other valid reasons necessitating the modification. *Id.* Above all, the welfare of the children is the chief and decisive consideration when this court considers the propriety of a trial justice's decision to amend a final decree with respect to custody. *Lawrence v. Lawrence*, 85 R.I. 13, 16, 125 A.2d 218, 220 (1956).

■ In the case before us, it is undisputed that the defendant left her children at the plaintiff's home with a note expressing her desire to relinquish, for whatever reason, physical custody of the children. Certainly, this is a significant change in circumstances which the trial justice correctly considered in deciding to modify the decree. Moreover, the defendant eventually testified that it was her intention to move to Colorado with a man she expected to marry. This fact unquestionably gave the trial justice a cogent reason to decide that the welfare of the children would be best served by their remaining in Middletown, Rhode Island, with their father. In fact, at the time of this testimony, the defendant could not specify what city in Colorado she would reside in, much less confirm the availability of special education programs suitable for Candace's needs. Accordingly, we find that the trial justice did not abuse his discretion by awarding permanent custody to the plaintiff since the record indicates he had an excellent opportunity to discern from the evidence the physical and psychological climate of the home in which these children would be living.

---

1. The defendant is a math-resource teacher dealing with children who have learning and physical disabilities.

For the reasons stated, the defendant's appeal is denied and dismissed. The order appealed from is affirmed. The papers in this case are remanded to the Family Court.