**James K. GALLOGLY**

v.

**Mary E. SMITH.**

No. 93-540-A.

Supreme Court of Rhode Island.

June 2, 1994.

David E. Revens, Revens, Blanding, Revens & St. Pierre, Warwick, for plaintiff.

Michael P. Hagopian, Devaney & Hagopian, Cranston, Frank J. DiBiase, Div. of Family Support, for defendant.

OPINION

PER CURIAM.

This case came before the court for oral argument pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

Mary E. Smith (mother) has appealed from a Family Court order granting custody of the child of the parties, Genevieve M. Gallogly, to James K. Gallogly (father).

The father had filed a motion for joint custody and visitation on or about July 14, 1993. The matter came before a justice of the Family Court on September 16, 1993. Prior thereto the mother was served with notice of the request for visitation and joint custody and had filed a verified response to such motion. When the case came before the court for hearing, it was established to the satisfaction of the trial justice that the mother had deliberately absconded with the

daughter, Genevieve, from the court's jurisdiction. In light of this occurrence, the Family Court justice allowed the father to amend his request to one for sole custody. The mother now argues that this action was inappropriate since she had no notice of the request for sole custody.

The mother argues this case as though this were a judgment rendered by default. *See* Rules 54(c) and 55(a) of the Family Court Rules of Procedure for Domestic Relations.

This was not a judgment rendered by default but one in which the mother had received notice of the father's request for joint custody and visitation. After receiving notice, she had deliberately absented herself from the court's jurisdiction so as to place the child beyond the power of the court and had then filed a verified response to the motion.

The only effective action the Family Court justice could have taken in those circumstances was to transfer custody to the father since the mother by her conduct had clearly indicated that she would not obey the order of the court and that she had waived her right to any further hearing concerning custody.

In this situation the trial justice applied the factors set forth in *Pettinato v. Pettinato,* 582 A.2d 909, 913–14 (R.I.1990), and determined that the father was the sole responsible party to whom custody might be awarded. In so deciding, she did not, in our opinion, overlook or misconceive any relevant or material evidence, nor did she abuse her discretion. *Veach v. Veach,* 463 A.2d 508, 510 (R.I.1983). The fact that the mother had removed the child from the court's jurisdiction created an emergent set of circumstances to which the trial justice responded reasonably.

For the reasons stated, the appeal of the mother is denied and dismissed, and the order appealed from is affirmed.