[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION
CT Page 8100
The defendant in this post-judgment proceeding seeks a court order barring the plaintiff from removing the parties' two children from Connecticut to Arizona. The defendant's request for the restraining order is denied. His rights of visitation, however, are adjusted to compensate for the children's living in Arizona.
Plaintiff Karen Mraz and defendant Kenneth J. Mraz, Sr., were divorced on May 25, 1993. They have two children, Nichole, who is six years old, and Kenneth, who is three. The plaintiff mother was awarded custody of the children. The defendant father was awarded reasonable rights of visitation.
The plaintiff has remarried. She, her husband, and the two children have been living in Stratford, Connecticut, in a two bedroom apartment which she and her husband rent. She has worked as a computer operator but has recently lost her job. Her husband has worked as a commercial carpenter. He lost his job in July, 1994.
The plaintiff and her husband have made plans to move to Mesa, Arizona, where her father and brother reside. Recently, her mother passed away. Her father has offered the plaintiff and her husband free use of the four bedroom house which he and his deceased wife had occupied. The house is located in a pleasant community. The plaintiff's father owns the home and intends to give it to his daughter. He will live nearby with his son.
The plaintiff believes the move to Arizona will further the welfare of the children. Her husband's job prospects will be better in Arizona than they are in Connecticut. Because the family's housing will be provided free, the plaintiff does not plan to work outside of the home. Hence, she will be able to devote more time to the children.
The defendant believes he will be deprived of visitation rights should the plaintiff move to Arizona with the children. He visits Nichole once or twice a week at the paternal grandmother's home. He visits Kenneth once every three weeks. Kenneth, according to the paternal grandmother, is "harder to handle." The defendant contends the move to Arizona will not be in the best interests of the children due to the presence in Mesa of the plaintiff's father and brother. The father has abused alcohol and CT Page 8101 the brother, according to the defendant, has abused drugs. The defendant does not seek custody of the children. He wants this court to "modify the existing order for visitation by prohibiting the plaintiff from moving from the State of Connecticut with the children and ordering the plaintiff to pay any increased cost of visitation incurred by the defendant caused by the move. . . ." The defendant's financial resources are limited, as evidenced by the arrearage on the child support order.
The relevant principles of law are set forth in the case ofRaymond v. Raymond, 165 Conn. 735, 740-41 (1974). It is noted at page 740 of the opinion that "a divorce decree which awards the custody of a child to one parent with permission to the other to visit the child at reasonable times and places, but which does not expressly restrict the residence of the child, does not impliedly prohibit the removal of the child from the state." When the court is asked to bar a custodial parent from removing children from Connecticut, the court must consider the best interests of the children as shown by the evidence.
The defendant's motion to prohibit the children's move to Arizona is denied. The defendant's visitation rights are adjusted to take into account the place of the children's residence. This adjustment has been made after taking into consideration the suggestion made in court by the plaintiff, the welfare of the children, the financial resources of both parents, and the rights involved.
The defendant shall have visitation with both children in Connecticut for ten days during the Christmas Holidays. The defendant shall have visitation in Connecticut with both children for six weeks during the summertime. The plaintiff shall be responsible for the transportation costs of the children incurred while traveling to and from Connecticut. The plaintiff shall accompany the children while traveling to and from Connecticut. In addition to the foregoing visitation, the defendant shall have the right to visit the children in Arizona during school and holiday periods.
It is so ordered.
THIM, JUDGE CT Page 8102