[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced by the plaintiff Sandra Milardo by complaint dated April 2, 1992 seeking a marital dissolution as well as ancillary relief. The defendant Frank Milardo appeared by counsel on May 8, 1992, and on January 14, 1993 he filed a cross complaint seeking a marital dissolution and ancillary relief. In this pleading the defendant alleged that the minor child, Santina, born September 23, 1991, was not issue of the marriage. He nevertheless claimed custody of Santina in his prayer for relief. On January 28, 1993, the defendant filed a motion seeking scientific examination on the question of paternity. Although this motion was granted, no evidence of any test results was adduced at the hearing. Additionally, the defendant does not appear to have amended his cross complaint denying paternity of the child. This matter was assigned for trial and heard by the court on two dates, December 2, 1994 and January 13, 1995. At that time, based on the evidence adduced at trial the court entered orders dissolving the marriage on the grounds of its irretrievable breakdown and granting custody of the parties minor child, Santina, to the plaintiff mother. The court also ordered the defendant to pay to the plaintiff as child support the sum of one hundred twenty two CT Page 1180-U ($122.00) dollars a week by immediate wage withholding as well as twenty four dollars and forty cents ($24.40) a week on an arrearage found to be two thousand four hundred and forty ($2440.00) dollars. The court deferred its decision on the question of visitation pending receipt of proposed orders which each party was asked to submit to the court and which the court has now received. The purpose of this memorandum is to confirm those orders already made by the court and to make orders regarding visitation as well as any other matters not yet resolved by the court in a consolidated Memorandum of Decision intended to encompass all issues to be decided by the court at this time in this action. Based on the evidence presented at trial, the court makes the following findings:
The plaintiff, whose birth name was Sandra A. Furlong, and the defendant were married on December 31, 1982 at Thompson, Connecticut.
The plaintiff resided continuously in the State of Connecticut for more than one year preceding the filing of this complaint.
The parties have one minor child, Santina Lee Milardo, who was CT Page 1180-V born on September 23, 1991. While the defendant initially filed a pleading in which he denied paternity of Santina and sought scientific testing in support of his claim, at trial he abandoned this claim. He asserted that he had undergone a vasectomy reversal so that he and the plaintiff could have a child together, and he testified that Santina is indeed his biological daughter, an assertion which this court finds proven and true. No other minor children have been born to the plaintiff since the date of the marriage.
No agency of the State of Connecticut is contributing to the welfare of either of the parties to this action.
All statutory stays have expired. The court has jurisdiction over this action as well as the parties.
The plaintiff Sandra Milardo, who presently resides in Southbridge, Massachusetts, ceased residing with the defendant in the Spring of 1992. She testified at trial that the defendant had been violent toward her during the marriage, that he harassed her, stalked her, that he threatened to kill her, and that Santina has CT Page 1180-W been the victim of the defendant's physical and verbal abuse as well. While the defendant denied the plaintiff's claims of violence and abuse he did acknowledge that he was convicted on his pleas of the criminal charges of breach of peace and a violation of a family violence protective order issued by the court for which he was placed on probation for a period of eighteen months. The court finds credible the plaintiff's testimony that the defendant was abusive toward her during the course of the marriage. His conviction for a violation of a court-ordered protective order corroborates the plaintiff's claim of spousal abuse. The defendant also testified that he successfully completed several weeks of counselling, including alcohol counselling, following his arrests and convictions, and that he has been attending Alcoholics Anonymous meetings since 1992. The court is satisfied from the evidence that the marriage has broken down irretrievable and should be dissolved.
A significant issue between the parties is whether, and, if so, under what circumstances the defendant should have access to the parties' daughter Santina. The defendant has not seen Santina since September of 1992, one week before her first birthday. He CT Page 1180-X claims that his lack of visitation is due to the plaintiff's attitude toward him. Additionally, there was evidence that during the pendency of this action the parties, through counsel, engaged in discussions which could have led to a termination of the defendant's parental rights as well as obligations relating to Santina. While the parties offered differing reasons for engaging in these discussions, it is clear that they did not culminate in any legal action affecting the defendant's legal relationship to Santina. It is undisputed that the defendant has not had any visitation with Santina, now nearly three and one half years old for more than two years. At this juncture, the defendant seeks an order of immediate, specific visitation with her. The plaintiff, on the other hand, seeks an order that there be no visitation. In making their respective claims, while both parties offered reasons relating to their own behaviors for the lack of visitation, neither party offered any evidence of the status of Santina's present physical or emotional health. During the pendency of this action the issue of visitation was referred to the Family Services Unit of the Court's Family Division. Reports from the Division were filed with the court and marked as exhibits during the hearing on December 2, 1994. In addition, the court heard testimony at the CT Page 1180-Y December hearing date from Eileen Ford, the Family Services Counselor to whom this matter had been assigned. On October 20, 1993, Counselor Ford submitted a report to the court containing a recommendation that the parties and the child be seen therapeutically by Dr. Lynn Monahan, a psychologist, for the purposes of re-establishing the father-child relationship and also for developing a visitation plan in the best interest of Santina. (Plaintiff's Exhibit 1) At trial, both parties acknowledged that this recommendation had not been followed. Given the absence of such therapeutic intervention as well as the subsequent passage of substantially more time since her October 1993 report without contact between the Mr. Milardo and Santina, Counselor Ford reiterated her view at the December hearing that therapeutic intervention and child-centered planning should precede the resumption of any visitation by the defendant with Santina. Mr. Milardo, however, objects to the notion of being required to meet with Dr. Monahan. As indicated in his proposed orders dated January 19, 1995, the defendant believes that he should be entitled to an immediate resumption of visitation. Additionally, he claims that he cannot afford to pay for the services of Dr. Monahan.
The defendant is presently employed as the Building Inspector CT Page 1180-Z for the Town of Brooklyn, earning a gross weekly wage of six hundred fifty six ($656.40) dollars and forty cents. His principal, and sole debt, appears to be a car loan for a 1994 motor vehicle costing him one hundred and sixty five ($165.00) dollars a week. With the exception of the 1994 GMC motor vehicle and a small checking account, he is bereft of assets.
The plaintiff is unemployed, currently collecting unemployment compensation of two hundred seventy seven ($277.00) dollars a week. In addition, her affidavit dated October 19, 1994 which at the December hearing she stated was still current, reflects miscellaneous weekly income of seventy ($70) dollars. She testified at trial that she had been forced to leave her employment in Connecticut due to the defendant's harassment and threatening behavior. The court finds this assertion credible. The plaintiff has no assets except household furnishings which she has valued at two thousand ($2000.00) dollars and a small checking account. Her affidavit reflects no indebtedness. At trial she testified that she seeks no alimony from the defendant. On March 1, 1993, the court ordered the defendant to pay child support to the plaintiff in the amount of one hundred twenty two ($122.00) a week and to CT Page 1180-AA carry health care insurance for the benefit of the plaintiff and minor child. Both parties were ordered to share equally unreimbursed medical expenses incurred for Santina. At trial the defendant acknowledged that, notwithstanding the existence of court orders, he paid no child support from July, 1994 until the imposition of a wage withholding order in December 1994 thus amassing an arrearage determined by Magistrate Hutchinson on December 8, 1994 to be twenty five hundred and sixty two ($2562.00) dollars. The defendant testified, with no apparent remorse, that he didn't pay child support during this time period as a way to get this case scheduled. In his wilful failure to pay child support as well as his previous violation of the court's protective order, the defendant demonstrated an indifference to the court's orders when perceived by him to be in conflict with his desires. His disinclination to follow the recommendation of Eileen Ford that he work through and with a psychologist to restart his relationship with Santina, though not a violation of any court order, demonstrates a similar unwillingness to follow advice which he perceives to be contrary to his desires. Visitation, however, is not an absolute right. In shaping orders for visitation, the welfare of the child and not the rights of the parents must be the CT Page 1180-BB court's paramount consideration. Raymond v. Raymond, 165 Conn. 735,741 (1974). The privilege to visit is not absolute. Bozzi v. Bozzi,177 Conn. 232, 238 (1979). Based on the evidence adduced at trial and mindful of the provisions of Chapter 815j of the Connecticut General Statutes, the court makes the following orders:
The marriage of the parties is dissolved on the basis of its irretrievable breakdown.
The plaintiff's birth name of Sandra A. Furlong is restored to her.
The plaintiff's granted custody of the parties' minor child Santina Lee.
The court enters no present order of visitation. However, the could does believe as a matter of general principle that Santina could benefit from the love and companionship of both parents if such can be achieved consistent with her best interest without the infliction of further violence or abuse on the plaintiff. It is the intent and desire of the court that the defendant and Santina CT Page 1180-CC ultimately achieve a beneficial parent child relationship. The court believes, however, that if the defendant wishes to achieve a salutary parent-child relationship with Santina he may be required to subordinate his desire for autonomous decision making and to accept reasoned advise and guidance regarding Santina's best interest. Therefore, the court appoints Attorney Carol A. Brigham of Danielson as guardian ad litem and as counsel for the minor child and orders that Attorney Brigham's fees shall be paid by the State of Connecticut in accordance with applicable guidelines. This appointment shall be for the duration of one year from the date of this memorandum but may be extended by the court sua sponte or upon motion by either of the parties or Attorney Brigham acting on behalf of the child. During the period of her appointment as counsel for the minor child Attorney Brigham is authorized to file with this court such motion or motions as she deems in the best interest of the minor child regarding issues of custody and, or visitation. The court orders that Attorney Brigham be entitled to file any such motions without the necessity of paying the customary court fee for the filing of post judgement motions. As guardian at litem, Attorney Brigham shall be entitled to arrange for such appointment or appointments with a clinical psychologist, certified social worker, or psychiatrist, (herein referred to by the generic CT Page 1180-DD term therapist), as she feels may be in the child's best interest for the purpose of facilitating the resumption of visitation by the defendant with Santina. The defendant shall be responsible for the payment of fees to the therapist for any visits between himself and the therapist as well as the fees for any visits between the therapist and Santina, with or without the presence of either party, up to a total aggregate cost of seven hundred and fifty ($750.00) dollars. The plaintiff shall be responsible for the cost of any visits between herself and the therapist. The parties are ordered to cooperate with Attorney Brigham in scheduling and attending any such meetings with the understanding that the plaintiff shall be responsible for Santina's transportation to and from any sessions with the therapist. Attorney Brigham shall be entitled to file such motions with this court as she feels are in the child's best interest to cause compliance by either party with her requests for Santina and either, or both, parties to participate in sessions with the therapist directed toward the resumption of visitation. The court shall retain jurisdiction over the parties and Santina to hear any post judgement motions filed by counsel for the minor child or either of the parties herein relating to issues pertaining to the minor child. CT Page 1180-EE
The defendant is ordered to pay the plaintiff as child support by immediate wage execution the sum of one hundred twenty two dollars ($122.00) a week. In addition, the court finds an arrearage of two thousand four hundred and forty ($2440) dollars on account of a child support order previously entered by this court and orders that said arrearage be discharged at the rate of twenty four dollars and forty cents ($24.40) a week, also by immediate wage execution.
To the extent it is available to him at his place of employment, the defendant is ordered to maintain health insurance for the benefit of the minor child during her minority. The signature of the plaintiff shall constitute a valid authorization to the insurer for purposes of processing an insurance reimbursement payment to the provider of the medical services. Neither parent shall prevent or interfere with the timely processing of any insurance reimbursement claim. The defendant shall promptly pay to the plaintiff any insurance reimbursement for the services of a medical provider paid by the plaintiff. The parties are ordered to share equally the cost of any unreimbursed CT Page 1180-FF health care expenses, including dentistry and orthodontia, incurred on behalf of the minor child.
No alimony is awarded to either party.
Both parties are ordered to comply with the provisions of the Parenting Education Act and to file certificates of their completion of parenting education classes within sixty (60) days of this memorandum.
While the court is mindful that the defendant has requested the court to order that he be entitled to claim the minor child as a dependency exemption for federal and state taxation purposes, the court declines to enter such an order, leaving the parties to their rights and responsibilities as delineated by applicable sections of the Internal Revenue Code.
In making these orders the court has reviewed and considered relevant decisional and statutory law, with particular regard to Connecticut General Statutes 46b-40, 46b-54, 46b-56, 46b-82, 46b-84
as well as the Child Support Guidelines of the State of CT Page 1180-GG Connecticut.
Counsel for the plaintiff is directed to prepare the judgement.
Bishop, J.