[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: CHILD SUPPORT (#129) AND MOTION TO MODIFY (#124)
The plaintiff's periodic alimony has terminated by expiration of time. Since that order was unallocated, it is now necessary to enter a child support order.
Until the end of last year the plaintiff and the parties' minor child, Everett, had been living in Connecticut. The plaintiff then moved to Bellevue, Washington. The defendant resides in New York City.
The parties' separation agreement, Article IV, Paragraph 4.1 provides for joint legal custody with primary physical residence of CT Page 4225-UU Everett to be with the plaintiff. Paragraph 4.2 provides that the defendant's expenses necessary for exercise of visitation
 ". . . shall be separate and apart from all other payments to be made to the wife for her or the child's benefit."
Both parties concede that the defendant's income exceeds the child support guidelines maximum and that the guidelines do not apply. The defendant's December 15, 1995 affidavit lists a net monthly disposable income of $37,660.32 and monthly expenses of $18,054.00 including the child's tuition of $1,000.00 and child support of $1,250.00. The defendant is solely responsible for the education expenses for Everett pursuant to Article VI of the agreement. The defendant's attorney raised the issue of travel costs during his examination of the plaintiff on February 22, 1996. The plaintiff's attorney objected and was overruled, the court citing Raymond v. Raymond, 165 Conn. 735 (1974). In view of Paragraph 4.2 quoted supra, the visitation expenses of the defendant will not be considered by the court.
The court will follow the dictates of § 46b-84, Connecticut General Statutes. In addition, the defendant carries medical insurance for Everett and is responsible for two-thirds of all unreimbursed medical expenses incurred for Everett's care, all pursuant to Article VIII of the parties' agreement.
The court, having considered the elements of the cited statute, has concluded that the defendant shall pay to the plaintiff as child support the sum of $2,500.00 monthly due on the first day of every month.
The plaintiff brought this original motion to modify alimony and child support returnable to September 5, 1995 with service on defendant made on July 27th. The plaintiff claims retroactivity from the date the unallocated alimony order expired on September 30, 1995. The last payment came due on September 1, 1995. Therefore, pursuant to Section 46b-86(a), the child support order now being entered is made retroactive to October 1, 1995. The defendant shall be credited with the monthly voluntary payments made and he shall pay the balance to plaintiff by the end of this month. A contingent wage withholding order is entered.
Since there remains to be heard one final aspect of the plaintiff's motion dated July 19, 1995, as alleged in Paragraph C, CT Page 4225-VV the court defers the issue of attorney's fees until that hearing.
HARRIGAN, JUDGE