[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de MOTION FOR ORDER # 383
On November 22, 1999, this court heard argument on the plaintiffs motion for contempt and found the defendant Barbara Donahue in contempt of the visitation orders entered by Judge Kavanewsky on June 15, 1999. (Transcript p. 2.) The court found that the defendant "consistently and intentionally frustrated" visitation between the plaintiff and the parties' minor child.[1] (Transcript p. 2.) As a result of the defendant's interference with the visitation, the plaintiff had to expend substantial sums of money on attorneys' fees including fees to his own attorney, the supervising firm and the attorney for the minor child. The total amount the defendant was ordered to pay was $18,000 to the plaintiffs attorney and $9,500 to the attorney for the minor child in order to purge herself of contempt. The court further ordered the plaintiff to arrange a meaningful visitation schedule so that the plaintiff and minor child could resume visitation and not in the way visitation proceeded the previous summer where the son had to sit in the defendant's car and the plaintiff was not allowed anywhere near the car. In addition, the defendant would be required to return to Connecticut with the minor children in order to purge herself of contempt. If the defendant did not pay what she was ordered to pay, it would eventually become a money judgment and that was the court's intention. (Transcript p. 3.) The defendant would also be required to post a cash bond or bail bond in accordance with the original orders.
On June 6, 2000, the defendant had not complied with the orders of this court and the plaintiff therefore filed a motion for order seeking the following: (1) that the plaintiff be permitted to deposit with his attorney the total monthly support payments he was required to pay the defendant; (2) that the plaintiffs attorney deposit these payments in the attorney's trustee account; (3) that the plaintiffs attorney disburse payments proportionate with the amounts owed to his firm and the attorney for the minor child on a monthly basis until the November 22, 1999 orders of this court are satisfied. CT Page 10900
The defendant is currently paying $2000 per month in child support and $1 per year in alimony. In Emerick v. Emerick, 28 Conn. App. 794,801-02, 613 A.2d 1351, cert. denied, 244 Conn. 914, 617 A.2d 171 (1992), the defendant claimed . . . that the plaintiffs removal of their child to Brazil constituted a substantial change in circumstances that, required the trial court to modify his support payments. See General Statutes § 46b-86. He admits, in his brief, that he offered the trial court no evidence regarding the child's financial needs since being taken to Brazil. The burden is on the party seeking modification to show the existence of a substantial change in circumstances. Bunche v. Bunche,180 Conn. 285, 290, 429 A.2d 874 (1980). Further, the trial court has broad discretion in determining whether a substantial change in circumstances exists. Palazzo v. Palazzo, 9 Conn. App. 486, 488-89,519 A.2d 1230 (1987). Here, the trial court acted well within its discretion when it determined that the mere fact that the defendant's daughter has moved to Brazil did not justify a modification of his support payments. See Raymond v. Raymond, 165 Conn. 735, 742, 345 A.2d 48
(1974)."
The defendant in Emerick, supra, next claimed ". . . that the plaintiffs failure to comply with the dissolution court's orders regarding the child's residence and his rights to visitation required the trial court to modify his support payments. We need not decide whether the plaintiff violated any orders of the dissolution court. `It has never been our law that support payments were conditioned on the ability to exercise rights of visitation or vice versa.' Raymond v. Raymond, supra. Rather, `[t]he duty to support is wholly independent of the right of visitation.' Id. Thus, even if the plaintiff had violated certain orders of the dissolution court regarding the defendant's right of visitation, the defendant would not have been entitled to a modification of support on that basis" Emerick v. Emerick, supra, at 802.
In keeping with the above Supreme and Appellate Court precedent, the plaintiff cannot simply stop paying child support by redirecting those funds to pay his attorney's fees and the attorney's fees of counsel for the minor child. Neither the defendant's contempt nor her lack of cooperation with this court's visitation order, qualifies as a ground for granting the order to redirect the "child support" payments and the plaintiffs motion is, therefore, denied
HARRIGAN, J.